———o———

THOMAS R. CRISUP v. LOUIS R. GROSSLIGHT.

*Attorney and client—Obstructing public justice.*

An agreement by a person charged with receiving stolen property, etc., to pay an attorney for securing the release from jail of the thief, and his non-appearance as a witness in the case, is a disreputable and criminal bargain, and will not be enforced in a court of justice.

Error to Wayne. (Chambers, J.) Argued January 24, 1890. Decided January 31, 1890.

*Assumpsit.* Defendant brings error. Reversed, without a new trial. The facts are stated in the opinion.

*John G. Hawley*, for appellant.

*William B. Jackson*, for plaintiff.

MORSE, J. The plaintiff commenced suit in the Wayne circuit court in *assumpsit* against the defendant, and filed

a bill of particulars therein.   The defendant pleaded the
general issue.   When the case came on for trial before a
jury, the plaintiff's attorney stated the plaintiff's claim
as follows:

"Gentlemen of the Jury: This case is a little out of
the usual line.   Most people are willing to pay the doc-
tor and lawyer, and everybody except the preacher; but
in this case it is the lawyer claims he has not got his
pay, and this action is brought to recover it.

"Mr. Crisup, an attorney here, claims that Mr. Gross-
light employed him to defend a man by the name of
Gaines.   In stating this,—in opening this case,—I take
this from my client, and what I state to you I do not
intend in any offensive sense at all, but simply to state
the facts as I understand them, and, if I am mistaken
about them, of course you will correct me.

"Louis Grosslight, the gentleman that sits here, was
charged, as I understand it, with four offenses of receiv-
ing stolen property, and this man Gaines was a witness
against him, and he was arrested four times, as I under-
stand it, or on four different charges of receiving stolen
property, and this man Gaines was a witness against him;
and in that class of cases, sometimes, it becomes necess-
ary for the defendant to secure the absence of the peo-
ple's witnesses; and in this matter, as I understand it,
Mr. Gaines was in jail, and it was necessary that he be
gotten out; so Mr. Grosslight employed Mr. Crisup to
get him out, and get him away,—get him out,—get him
released in some manner, the details of which he will
give you upon the witness stand, and Mr. Grosslight
agreed to pay him $200.   The man got away, and Mr.
Crisup hasn't got his money.   That is the way I under-
stand it.   If I have been mistaken in this matter, why,
of course you will correct me, as I said before."

The defendant's attorney thereupon requested the court
to direct a verdict for the defendant upon this statement.
Plaintiff's counsel expressed his willingness to have the
verdict directed upon the same, but claimed it should be
for the plaintiff.   The court said:   "You may take a
verdict for the defendant."   The plaintiff's counsel took
exception, and then stated that he wished to make a fur-

ther statement of the details to the jury. His request was granted, and he then said:

"I state further, gentlemen, as far as Mr. Crisup is concerned, that Mr. Crisup was employed by this man Grosslight to attend .to this man, not only his case, but the Gaines case in the police court, and render the services under this agreement, that he was to pay him $200, and rendered these services, and is entitled to his pay.· On the inference that my brother seeks to make here, that Mr. Crisup assisted him to run away, or anything of that kind, in that I am in fault, as I am informed. The truth of it was, it was Mr. Grosslight and Mr. Grosslight's brother —his brother thief—that did it."

The court said that the inference might be drawn either way from this statement,—that he got him out for the purpose of getting him away, so that he would not appear as a witness; or that the charitable view might be taken, that plaintiff was acting honestly as a counselor. The following colloquy then ensued:

"*Mr. Jackson.* I am willing to stand. I explained the details. Now I will submit the case. I would rather submit it now as it stands.

" *The Court.* Do you still desire to submit it on that further statement?

"*Mr. Hawley.* If the counsel says that what he stated to the jury was correct about it.

" *The Court.* He says he was .at fault in that; that Mr. Crisup had nothing to do with the getting away of the witness.

"*Mr. Hawley.* I don't care whether he had any connection with the actual fact or not. What the counsel stated was that he was employed to get him out so that he might be got away. He said it was sometimes necessary in these cases to secure a witness' absence.

" *The Court.* Do you want to take that verdict for the defendant?

"*Mr. Hawley.* I think it is perfectly safe, your honor.

" *The Court.* Take a verdict for the defendant."

This was on March 22, 1886. The record shows that on June 18, 1886, counsel for plaintiff moved the court

to set aside this verdict, and enter one for the plaintiff; and that counsel for the respective parties agreed in open court that either the verdict formerly entered should stand, or a verdict be entered for plaintiff for $200. Thereupon the court set aside the verdict, and directed a verdict to be entered for the plaintiff for $200; to which direction defendant's counsel duly excepted. Judgment was entered on this last verdict, October 7, 1889. Defendant comes to this Court on writ of error.

The judgment cannot stand. Upon plaintiff's statement of his cause of action, the verdict was right as first entered. The whole statement, taken together, shows that plaintiff was employed by defendant to obstruct the course of justice, and that he was successful in his employment. The object of defendant, which was known to plaintiff, was to get Gaines released from custody, and get him out of the way, so that he would not appear as a witness against defendant in a criminal prosecution against the latter. A more shameful statement of a disreputable and criminal bargain, sought to be enforced in a court of justice, has seldom, if ever, been presented. If the plaintiff's statement of his cause of action be true, he ought never again to be permitted to appear in the police court, or any other court as an attorney.

The judgment is reversed, with costs of both courts. No new trial will be granted.

CHAMPLIN, C. J., CAMPBELL and GRANT, JJ., concurred.