Shauck, J.
In view of the verdict, the overruling of the motion for a new trial, and the judgment of affirmance in the circuit court, the making of the contract is to be regarded as established. And although the defense of Anderson on the trial of indictments found against him would have been the subject of a valid contract if not connected with any other agreement, the jury were properly instructed that the contract was entire and there could be no recovery if the services to be rendered in behalf of Weber were illegal. Whether they were illegal or not is, therefore, the only question for consideration here. Upon this subject it is said that the trial court erred in refusing to give the instruction requested and in overruling the motion for a new trial because the verdict was contrary to law.
It is obvious that the instruction requested was more favorable to Weber than that which the*court gave upon the same subject. According to the request, if the plaintiffs had knowledge of Weber’s guilt, the law gave to such knowledge the conclusive effect to defeat a recovery for services rendered to prevent the finding of .an indictment ag’ainst him. According to the instruction given, it had no conclusive effect, but might be considered by the jury, in connection with other evidence, in determining whether the plaintiffs had acted in good faith in what they did under their employment.
*124 The considerations of public morals and policy-involved, and the authorities upon the subject, lead to the conclusion that the instruction requested was more favorable to the- plaintiffs than the law permits. The services in behalf of Weber were to be rendered for the purpose of influencing’ the action of grand juries whose proceedings are secret, and thus impede the usual course of justice and prevent the orderly inquiry into the alleged commission of an offense against the public. The contract differs from the ordinary illegal agreement to stifle a prosecution only in that the element of restitution is wholly absent, and the plaintiffs were prompted by hope of reward unmixed with any motive less base.
Public policy requires that all offenses against the law shall be punished and all contracts which tend to suppress legal investigations concerning them are immoral and void. Courts are charged with the duty of administering the law, and they should not lend their aid to the enforcement of any contract which looks to its subversion. This would seem obvious, and it has the sanction of more authorities than it is practicable to cite. Roll v. Raquet, 4 Ohio, 400 ; Hinesburgh v. Sumner, 9 Vt., 23 (annotated 31 Am. Dec., 599); Shaw v. Reed, 30 Me., 105; Ormerod v. Dearman, 100 Pa. St., 561 ; Arrington v. Sneed, 18 Tex., 135; Averbeck v. Hall, 14 Ky., 505; Crisup v. Grosslight, 79 Mich., 380; Tool Co. v. Norris, 2 Wall., 45; Barron v. Tucker, 53 Vt., 338 ; Ricketts v. Harvey, 106 Ind., 564.
It was not material whether the plaintiffs knew or believed that Weber was guilty or not. The inquiry into their knowledge or belief which the requested instruction contemplated would have *125 been impracticable and irrelevant. Their belief in his innocence would not have made the contract valid. Schultz v. Culbertson, 46 Wis., 313.
Nor should it have been left to the jury to determine whether there had actually occurred the secret and corrupt practice which the contract encouraged. As said by Justice Field in Tool Company v. Norris, “the decision has not turned upon the question whether improper influences were contemplated or used, but upon the corrupting tendency of such agreement.
Judgment of circuit and common pleas courts reversed.