ST. LOUIS, Plaintiff In Error, v. BABCOCK.

(No. 2.)

**Division Two, May 8, 1900.**

1. **Ordinance:** TRESPASS: IMPROVED REAL ESTATE. Revised Ordinances of St. Louis, art. 17,188, section 981, provides that it shall be unlawful for any person without the consent of the owner or his agent to enter on any inclosed or improved real estate, lot, or parcel of ground in the city, or to deposit thereon or remove therefrom any substance, dirt, refuse, etc. *Held,* that under the ordinance one could not be held liable for a trespass committed within a building, since the provision of the ordinance plainly showed that it applied to land, and not to buildings.

2. **Complaint:** AMENDMENT: ADMISSION OF COUNSEL. Where the complaint against defendant was under an ordinance making trespass on improved or inclosed land unlawful, and plaintiff's counsel, in the presentation of the case, admitted the offense was a trespass within a building, it was an amendment of complaint to that effect, and the court properly excluded any evidence, and discharged defendant.

Error to St. Louis Court of Criminal Correction.—*Hon. David Murphy,* Judge.

AFFIRMED.

*B. Schnurmacher* and *R. F. Walker* for appellant.

(1) This case is a civil and not a criminal proceeding. Kansas City v. Neal, 122 Mo. 234; St. Louis v. Schoenbush, 95 Mo. 618; Ex parte Holwedell, 74 Mo. 295; St. Louis v. Robinson, 55 Mo. App. 256. (2) Being a civil proceeding, all the errors of the trial court which have been properly preserved are subject to review and the error being patent of record, motions for a new trial and in arrest of judgment were

not necessary. South St. Joe Land Co. v. Bretz, 125 Mo. 418; State ex rel. v. Scott, 104 Mo. 26; McIntire v. McIntire, 80 Mo. 470. (3) The material error of the trial court in this case consisted in the refusal of the court to permit any testimony to be offered in support of the complaint. This action could have been based upon no other theory than that the complaint was insufficient in law. An examination of the complaint and the ordinance under which it was drawn, will demonstrate the error of this ruling. The gravamen of the offense consists in the entry into or upon the premises without the consent of the owner. This the complaint distinctly alleges; and this is all that is required. A trespass, in the strictest sense, whether under a criminal or a civil statute or a city ordinance, is an entry upon another's premises without lawful authority. (4) There are numerous cases holding that trespassers may be committed in school houses, church buildings and other public places; with much more force, then, may it be held that a trespass may be committed in a building like the Merchants Exchange which it not only conducted for the benefit and convenience of its members, but to and from which others than members may only come and go, but can not establish themselves therein for purposes of business or otherwise. No question of this nature could legitimately arise, however, in this case before a trial, and the ruling of the trial court was erroneous, and this case should be reversed and remanded.

*C. M. Napton* and *C. H. Krum* for defendant in error.

SHERWOOD, J.—Action on city ordinance section 981 of article 17,188, of Revised Ordinances, as follows: *"Trespassing upon property—forbidden.*—It shall be unlawful for any person, without the consent of the owner or his agent, to enter on any inclosed or improved real estate, lot or parcel of ground in the city of St. Louis, or to deposit thereon,

or remove therefrom any material substance, earth, dirt, ashes, refuse, turf or other article or thing whatsoever."

The complaint filed against defendant is as follows:

"State of Missouri, ⎫ ss.          August 12, 1897.
City of St. Louis.  ⎭

"Austin E. Babcock,
        "To the City of St. Louis, Dr.

"To $100 for violation of an ordinance of said city, entitled 'An ordinance in revision of the ordinances of the city of St. Louis, and to establish new ordinance provisions for the good of said city'—being ordinance number 17188, section 981, approved April 7, 1893, in this, to-wit:   In the city of St. Louis and State of Missouri on July 23, 1897, and on divers other days and times prior thereto, the said Austin E. Babcock did then and there without the consent of the owner or its agents enter upon certain improved real estate located on the west side of Third street, between Pine and Chestnut, said real estate being the property of the Merchants Exchange of St. Louis, a corporation organized and acting under the laws of the State of Missouri.   Contrary to the ordinances in such case made and provided."

Defendant demurred to the introduction of any testimony,

George H. Morgan on behalf of plaintiff was sworn to testify, but before his examination the court informed the city attorney that he would hear him on the question of whether any offense had been committed in the Merchants Exchange, coming under the ordinance above set forth.   In the presentation of the case the question arose as to whether the offense charged was committed in the Merchants Exchange, and it being admitted that it had been by counsel for plaintiff, the court sustained the objection to the introduction of any evidence and discharged the defendant.   To which action counsel for plaintiff then and there excepted.

We quite agree with the court of criminal correction that the ordinance in question does not apply to the Merchants Exchange building, and was not intended to apply to a *build-*

St. Louis v. Babcock.

*ing;* and especially so to a *quasi* public building such as is the Merchants Exchange. The terms "enter on any inclosed or improved real estate" can not, in their ordinary signification, apply to a building; we enter *in* or *into* a *building;* but we enter *on* to land inclosed or improved or otherwise. The concluding words of the section and sentence bear out very significantly the idea already advanced: "or remove therefrom *any* material substance, earth, dirt, ashes, refuse, turf or other article or thing whatsoever," No one ever speaks of depositing on a *house* any material, substance, etc., or of removing therefrom any *turf,* etc., and the term *"inclosed"* real estate always means real estate which is *fenced.* It does not refer to that which is embraced within the walls of a house. Besides all that, the ordinance being discussed is highly penal, and therefore to be strictly construed.

It is urged that in any event, the court, upon the admission made by counsel for plaintiff, that the offense charged was committed "in the Merchants Exchange," should not have sustained the objection to the introduction of any evidence and discharged defendant. Upon this point we take a different view; that admission was tantamount to a verbal amendment of the complaint. In such circumstances, it would have been but an idle ceremony to have gone on with a trial which under the view heretofore taken by the trial court and approved by us (to-wit, the inapplicability of the ordinance to the case in hand), would have resulted in precisely the same way as did the method of procedure which is now called in question.

Therefore, judgment affirmed. All concur.