OLIVER M. DAVENPORT, RESPONDENT, v. CHARLES F. HOLDEN, APPELLANT.

Submitted July 5, 1920—Decided November 15, 1920.

1. Where the opening statement of counsel and the pleadings set forth facts which if proved would constitute a cause of action, it is proper for the trial court to refuse to grant a motion for a compulsory nonsuit on the opening address of counsel.

2. Upon a motion for a compulsory nonsuit based on the opening statement of counsel, the plaintiff is entitled to the benefit of all facts proposed to be proved and the court in disposing of the motion must assume that these facts have been proved.

3. Evidence of attentions to a wife by a defendant in a suit for alienation of affections instituted by the husband, occurring after a separation between husband and wife, are admissible in evidence, as there is always a possibility of a husband and wife living separate coming together, which the law encourages, and an actionable wrong is committed by unlawful interference after separation, preventing reunion.

4. Where a husband has welcomed a male acquaintance to his home, consented to his wife's receiving attentions from him, and a separation between the husband and wife occurs which by the admission of the husband is not caused by the acquaintance, and the acquaintance after the separation frequently visits the wife, remaining late at night, and on occasions over night, and takes the wife motoring alone and late at night, it is for the jury to determine in a suit by the husband for the alienation of his wife's affection whether under the evidence there has been a willful and intentional alienation of the wife's affection.

5. It is discretionary with the trial court whether or not in an examination of a witness to permit a leading question. If the court declines to permit a leading question to be asked error cannot be assigned on such refusal.

On appeal from the Supreme Court.

For the appellant, *Charles A. Cogan.*

For the respondent, *David R. Rose* and *Frank Voigt.*

The opinion of the court was delivered by

KATZENBACH, J. This action was instituted for the recovery of damages for the alienation by the defendant of the

affection of the plaintiff's wife. In 1913, Oliver M. Davenport, the plaintiff, married Alva Quint, whose parents resided at Collingswood, New Jersey. The defendant, Charles F. Holden, who was married but separated from his wife, became acquainted with Mr. and Mrs. Davenport in March, 1918. In June, 1918, the defendant began to call at the home of Mr. and Mrs. Quint, the parents of Mrs. Davenport, and with whom Mr. and Mrs. Davenport were living. The defendant owned an automobile which he at times placed at the disposal of the Davenports and Quints. He soon became a frequent and welcome visitor at the home. In the latter part of June the defendant took Mrs. Davenport in his motor to Ocean City to the summer home of her parents and during the summer came almost every week-end to the Quint cottage and remained over Sunday. Davenport was employed at Atlantic City, and upon each Saturday evening the defendant would drive Mrs. Davenport to Atlantic City and get Davenport and bring him to Ocean City for Sunday. On Saturday, August 17th, Davenport gave up his position at Atlantic City. When his wife and the defendant came over, as usual, from Ocean City for him on that evening, a quarrel between Davenport and his wife began, which Mrs. Davenport says arose because of a grouch which her husband displayed and of which she complained. On the following Sunday, August 18th, Mrs. Davenport demanded that Davenport get rid of his grouch or get out of the house. Davenport resolved to do the latter, and left the Quint cottage on that day and did not return. The attentions of Holden, the defendant, to Mrs. Davenport were not assigned by Davenport as one of the causes of the quarrel, although Mrs. Davenport admits that her husband had spoken to her of thinking more of other people than of him, and that she had interpreted this as a reference to Holden. After the Davenports separated, Holden continued his visits to the Quint cottage at Ocean City and later to the home in Collingswood. He would stay at times until early in the morning and on occasions all night. He was frequently seen late at night motoring with Mrs. Davenport.

The case instituted in the Supreme Court was tried before the Common Pleas judge of Camden county. The jury returned a verdict in favor of the plaintiff. The defendant has appealed to this court.

The first ground of appeal is the refusal of the trial court to nonsuit the plaintiff on the opening made by the plaintiff's counsel. The counsel for the plaintiff opened the case, outlining fully what it was proposed to prove, and stating in conclusion that they would show that Holden "produced a steady course of effort to take away the affection of Mrs. Davenport for her husband and that he succeeded," &c. The motion to nonsuit on this opening was based upon the ground that counsel for the plaintiff had not disclosed any act on the part of the defendant, showing that the defendant had willfully, maliciously and intentionally alienated the affection of Mrs. Davenport. Whether the alienation was willful, malicious and intentional or not, was, under the facts to be proven, a question for the jury. Where a motion to nonsuit is based on an opening statement, the plaintiff is entitled to the benefit of all facts proposed to be proved, whether contained in the opening statement or pleadings, and the reviewing court must regard them as proved. *D'Aloia* v. *Union Italiana of Vineland,* 84 *N. J. L.* 683.

In the present case there were facts stated in the pleadings and in the opening address of counsel sufficient to sustain the cause of action, if proved. The ruling of the trial court refusing to grant a nonsuit upon the opening was, in our opinion, correct.

The second and third grounds of appeal will be considered together as they involve the same question, namely, whether the trial court erred in refusing to strike out the evidence of Walter Davenport and Ada V. Davenport as to occurrences subsequent to the separation of the plaintiff and his wife. Walter Davenport and Ada V. Davenport were the parents of the plaintiff. They lived in Collingswood on the same street with Mr. and Mrs. Quint, parents of their son's wife, and on the same side of the street, one house separating the Davenport home from the Quint home. Commencing in October,

1918, Walter Davenport kept a record of the visits of Holden to the Quint home, showing that Holden's visits were frequent and lengthy, and that on some occasions he remained all night and left the following morning in his automobile, which he had parked outside of the Quint house during the night. This evidence was corroborated by Ada V. Davenport. The defendant contends that this evidence is inadmissible for the reason that Davenport and his wife had separated on August 17th, 1918, and the visits of the defendant to the house where the plaintiff's wife was living were all subsequent to the separation and loss of consortium and, therefore, immaterial. The defendant's argument is that as the plaintiff had at the time of these visits already lost the conjugal affection of his wife, evidenced by the separation and her testimony, that the acts of the defendant were not actionable because there could not be, as a result thereof, a destruction of the conjugal affection, and, therefore, testimony regarding acts not actionable was immaterial and inadmissible. Prior to the opinion written by Mr. Justice Parker in the Supreme Court, in the case of *Dey v. Dey,* decided June 2d, 1920 (94 *N. J. L.* 342), there had been some countenance given in this state to the view that loss of affection was essential to the action and that it made no difference what improper attentions were bestowed by a man upon another's wife if the relations between the wife and husband were such that the wife's affection could not be alienated because it had ceased to exist. Mr. Justice Parker, in the case referred to, held that if a husband and wife be living separate, there is always a possibility of their coming together, which the law encourages, and an actionable wrong is committed by an unlawful interference preventing reunion. We concur in this opinion. It therefore follows that evidence of the attentions of the defendant to the plaintiff's wife, although made after the separation, are material and admissible.

The fourth ground of appeal is the refusal of the trial court to grant a nonsuit at the close of the plaintiff's case. The motion to nonsuit was based upon the contention that the plaintiff had failed to prove that the separation from

his wife had been caused by the acts of the defendant; that the plaintiff admitted that the defendant was not the cause of the separation; that the attentions shown to Mrs. Davenport by the defendant were with the consent of the plaintiff; that the defendant was not responsible for Mrs. Davenport's failure to care for her husband; that the proof offered lacked evidence of any willful and intentional alienation by Holden of the affection of Mrs. Davenport from her husband, and that to constitute a cause of action the affection of Mrs. Davenport had to be alienated by Holden prior to the separation. It is true that Davenport at first welcomed Holden as a visitor to his home; that he consented to Holden taking his wife to Ocean City; that he knew and made no objections to Holden's visits to Ocean City during the summer; that he was willing to have Holden and his wife come each Saturday to Atlantic City in Holden's automobile to take him to Ocean City; that he said that Holden was not the cause of the separation from his wife. If Holden had at the time of the separation disappeared from the lives of the Davenports, it would be very doubtful whether the evidence of the relations between Mrs. Davenport and Holden would sustain the verdict against Holden. But the acts of Holden subsequent to the separation tell another story and furnish a guide to the better understanding of his acts prior to the separation. A man does not steal the affections of another's wife in the same manner as he would steal his purse. The theft of a purse is accomplished in a brief space of time. The theft of a wife's affections is not accomplished instantaneously. It requires time, a considerable period of time, to pry out the roots of the old affection and supplant it with the seed of the new. In the present case there can be no reasonable explanation of the visits of the defendant to the Davenport home except that the defendant was attracted by Mrs. Davenport. The attraction could not have been Davenport because the defendant's visits did not cease when Davenport departed. It could not have been Mr. and Mrs. Quint, the parents of Mrs. Davenport, because it seemed to be their custom to retire for the night soon after the arrival of

Holden. The automobile rides of Mrs. Davenport and Holden, alone and until the early hours of the morning, the frequent calls lasting for many hours, the dimmed lights during these calls, the familiarity of address between Mrs. Davenport and Holden, the numerous occasions when Holden stayed all night at the Quint home, were all evidences tending to show the willful and intentional alienation of the affection of Mrs. Davenport by Holden. To have granted upon this evidence the nonsuit asked for would have been error. We think the motion properly denied.

The fifth and sixth grounds of appeal deal with the refusal of the trial court to permit Mrs. Davenport to answer two leading questions. The questions were as follows :

"*Q.* Has the separation of you and your husband been caused by any action or attention or solicitation of the defendant, Charles Holden ?"

"*Q.* Did your separation from your husband happen as a result of any affection of you for Charles Holden ?"

These questions are clearly leading. It is discretionary with the trial court whether or not to permit a leading question to be asked. If the court declines to permit a leading question to be asked, it is not error. *Luckenbach* v. *Sciple,* 72 *N. J. L.* 476.

The seventh and last ground of appeal is the refusal of the trial court to grant the motion to direct a verdict for the defendant. We have held that the plaintiff's evidence warranted a submission of the case to the jury. This view is not changed by the testimony offered in behalf of the defendant. The refusal to direct a verdict under these circumstances was proper.

The judgment rendered is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 13.

*For reversal*—BLACK, J. 1.