Hillsborough, }
June 28, 1928. }

CAVANAUGH & McCAFFREY, INC., *v.* FRED M. BARNARD.

*Thorp & Branch* (*Mr. Branch* orally), for the plaintiff.

*Charles D. Barnard* (by brief and orally), for the defendant.

MARBLE, J. Assuming that the court impliedly found that the plaintiff's direction to ship the lumber and submit to it (the plaintiff) the full account, coupled with the subsequent examination of the account, and the statement: "We will try and get together and settle up," constituted an attempt to compromise rather than an admission of liability (*Masterson* v. *Railway, ante,* 190, 193), it is difficult to understand how that finding could fairly be made without the detailed testimony of the parties. And according to the record no oral testimony whatever was admitted.

In *Bartlett* v. *Hoyt,* 33 N. H. 151, it was held to be a question of fact upon all the evidence whether the answer to a witness's inquiry of the defendant "if he and the plaintiff were likely to settle," was an admission. The construction to be put upon statements evincing a willingness to adjust disputed claims must "often be materially modified by the nature of the case and the surrounding circumstances." *Field* v. *Tenney,* 47 N. H. 513, 521. It is said by *Parsons,* J., in *Smith* v. *Morrill,* 71 N. H. 409, 411: "The controversy appears to have been, whether the statement was an admission of the full amount of the claim, or a basis for a compromise. Whether it was intended as the one thing or the other, was a question of fact upon which the attendant circumstances would be evidence."

It is true that the defendant's offer to prove the statement in question was accompanied by an offer in general terms to prove the conditions under which it was made, yet that offer could not of necessity include all the incidental facts which were likely to be revealed by an examination of the witnesses. That such facts may be many is indicated by the finding of the court that if a new trial is ordered the issues will be complicated. Furthermore, in determining a question of this kind the demeanor of parties and witnesses on the stand is often of appreciable importance. Either the evidence should have been received by the court in passing upon the preliminary question of fact or submitted to the jury with proper instructions. *Davidson* v. *Insurance Co.,* 80 N. H. 552, 556, 557; *Jenness* v. *Jones,* 68 N. H. 475; *Colburn* v. *Groton,* 66 N. H. 151, 158.

Fraud will not of course be implied merely from doubtful circumstances. *Jones* v. *Emery,* 40 N. H. 348, 350. Consequently, it cannot be established by showing a slight discrepancy between two scales of lumber and nothing more. *Bechard* v. *Amey,* 82 N. H. 462, 467. But here the defendant has offered to prove that the discrepancy was very great; that the plaintiff had an opportunity to examine the defendant's figures and after such examination expressed the desire

"to get together and settle up," and that negotiations to that end were in progress when suit was brought.

Before a trial judge takes a case from the jury on an opening statement or excludes an offer of proof he ought to ascertain definitely if the statement or offer embraces the entire proof. This was done in *Hughes* v. *Railroad*, 71 N. H. 279. The difference between the scales was too substantial to have resulted from a mere mistake. It was evidence of some fraud in connection with one scale or the other. All the proffered evidence was therefore competent. The presiding justice did not rule that the evidence was insufficient to prove fraud but simply excluded it. If he intended to rule that the evidence was insufficient because it contained no element of an admission, he should have so stated in order that the defendant might have a chance to make the general terms of his offer more specific. Manifestly, the offer to show many calls at the plaintiff's office implied an offer to show various conversations relating to settlement, and it cannot be said as a matter of law that if this evidence in all its details had been introduced, some legitimate inference favorable to the defendant might not have been drawn. Nor when such evidence was offered could the court properly rule that the defendant had waived his right to contest the original scale.

The plaintiff excepted to the order of the presiding justice that if there should be a new trial the case would be heard by the court or a referee, since the issues were too complicated to be determined by a jury. It is unnecessary to decide whether in view of the decision in *Daley* v. *Kennett*, 75 N. H. 536, the court had authority to make this order, for the exception has been waived.

*New trial.*

SNOW, J., was absent: BRANCH, J., did not sit: the others concurred.