MARY CAHALANE *vs.* WALDO S. DENNERY.

JOHN CAHALANE *vs.* SAME.

Suffolk.    May 13, 1937. — June 29, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.

A finding of gross negligence of the operator of an automobile was not warranted by evidence that he so operated it as to require a forcible application of the brakes at an intersection, knowing that the brakes were so out of repair that such an application would cause them to "grab" and stop the automobile abruptly.

An automobile operator's turning to hand something to one riding on the back seat is not evidence of gross negligence if it involves no inattention to his driving.

TWO ACTIONS OF TORT. Writs in the Municipal Court of City of Boston dated August 31, 1935.

Upon removal to the Superior Court, the actions were tried before *Morton*, J.

*B. Goldman*, for the plaintiffs.

*J. Levensohn*, (*B. A. Sugarman* with him,) for the defendant.

CROSBY, J. The plaintiff in the first action seeks to recover for personal injuries sustained while she was a passenger in the automobile of the defendant. In the second action her father seeks to recover consequential damages. The answers in both cases contain a general denial, an allegation of contributory negligence, and a denial of agency. The last-named defence was waived at the trial. The trial judge allowed the defendant's motion for a directed verdict in each action, and reported the cases to this court. If the direction of the verdicts was correct, judgments are to be entered for the defendant; if not, there should be a new trial. The verdicts were directed on the opening statement of counsel for the plaintiffs, in which was incorporated an auditor's report. A verdict may be so directed in a situation like the present where the case appears to have been fully stated by counsel. *Mulvaney* v. *Worcester*, 293 Mass. 32, 33, and cases cited. The question is whether, assuming all facts stated in the opening to be true, the plaintiffs were entitled to go to the jury. *Murphy* v. *Boston & Maine Railroad*, 216 Mass. 178, 179.

It appears from the opening that Mary Cahalane (herein referred to as the plaintiff) was invited to ride home from work with the defendant. She rode in the back seat beside his sister-in-law. In consequence of an abrupt stop made by the defendant, the plaintiff was thrown over the front seat against the windshield and injured. The defendant was driving without glasses in violation of a restriction in his license. He had the brakes relined a short time before the accident and "the brakes had been what might be termed grabbing or catching up too quick so that when you put the brake on it would either throw the car around or give it a toss. In other words the brakes were not in good repair or good working order." The defendant was driving between thirty and thirty-five miles an hour in a

thickly settled section, and was approaching a blind intersection. At the request of his sister-in-law in the back seat, he turned around and handed her a match. At the same time a car came out of the intersecting street. The defendant applied his brakes and the accident occurred. There is no statement in the record of any collision.

The auditor's report adds nothing to the foregoing recital. He found that the defendant might reasonably expect the car to stop suddenly if the brakes were applied abruptly, but he was unable to find anything extraordinary about the way the car was stopped in usual conditions. His general finding was that there was no evidence of gross negligence.

We are of opinion that a verdict was properly directed for the defendant in each case. The defendant, knowing that an application of the brakes would cause a sudden stop, so conducted himself as to bring about a situation which required an abrupt and violent application of the brakes. The case of *Desroches* v. *Holland*, 285 Mass. 495, is somewhat like the present cases. There the operator approached a similar intersection at an excessive speed, and in trying to avoid collision with another vehicle ran off the road. It was held that there was no evidence of gross negligence. Although the accident there occurred in a different way, the danger reasonably foreseeable from the operator's conduct in that case was as great as that in the present cases. Other elements in the plaintiffs' cases do not so strengthen them materially as to warrant a finding of gross negligence. The handing of the match by the defendant to the person in the rear seat is not specifically stated to have involved any inattention on the part of the defendant in the performance of his duties. It goes no farther than the evidence in *Curley* v. *Mahan*, 288 Mass. 369, 374. On this question the cases are distinguishable from cases like *Crowley* v. *Fisher*, 284 Mass. 205, and *Horneman* v. *Brown*, 286 Mass. 65. We are of opinion that a finding of gross negligence was not warranted. It was held in *Mendler* v. *Town Taxi Inc.* 295 Mass. 90, where the accident occurred in a similar way, that there was evidence of

ordinary negligence. Although in some respects the present cases are stronger, yet in the matter of speed they are weaker than the evidence there considered. In *Cini* v. *Romeo*, 290 Mass. 532, cited by the plaintiffs, where the accident was caused by defective steering gear, it was held that the evidence warranted a finding of gross negligence on the part of the defendant. The evidence of gross negligence in that case was much stronger than the facts stated in the opening in the present cases.

As the trial judge in the opinion of a majority of the court rightly directed verdicts for the defendant, the entry in each case must be

*Judgment for defendant.*