**Ocie C. HAYS, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, Respondent.**

No. 45765.

Supreme Court of Missouri,
Division No. 2.

July 8, 1957.

Rehearing Denied Sept. 9, 1957.

Marvin Q. Silver, Milton Suffian, St. Louis, for appellant.

Harold L. Harvey, D. B. Sommers, Marvin Boisseau, Jr., St. Louis, for respondent.

STOCKARD, Commissioner.

In plaintiff's suit for $100,000 actual and $400,000 punitive damages for an alleged false imprisonment and a conspiracy to deprive her of her personal liberty, the trial court sustained defendant's motion for a directed verdict on plaintiff's opening statement and this appeal followed. The parties will be referred to as in the trial court.

The substance of the allegations of the petition is as follows: Plaintiff was a passenger aboard one of defendant's special "deportation trains," which commenced its journey on May 5, 1952, from Los Angeles, California, and traveled eastwardly across the United States to St. Louis, Missouri, arriving there on May 8. While plaintiff was a passenger on said "deportation train" the defendant did wantonly, maliciously, unlawfully, and without warrant or legal cause or process restrain her personal liberty (1) by compelling her under duress and against her will by threats of violence to remain aboard the "coach car" in which she was traveling, (2) by not permitting her to leave said car or train at any time during the trip, and (3) by compelling her to remain in her seat aboard the car at all times during the journey from Los Angeles to St. Louis. Defendant also unlawfully conspired to deprive plaintiff of and interfere with her personal liberty as a citizen of the United States "in violation of her natural, inherent and absolute rights of personal liberty and her rights under the Constitution of the United States and her rights under the laws of the United States" by deporting her under restraint, imprisonment and duress, from one state of the United States to another without warrant or legal process. There is no allegation in the petition as to who were the other conspirators.

At the beginning of the trial it was stipulated by the parties that on May 7, 1952, at 11:00 p. m., the defendant "did receive from the Atchison-Topeka & Santa Fe Railroad Company, eight pullman cars which were ordered by the California State Department of Mental Hygiene and the California Youth Authority," and that the "said eight pullman cars, in the charge of the aforementioned authorities of the State of California were transported by the Missouri Pacific Railroad Company from Kansas City, Missouri, at 11:00 P.M., May 7, 1952, arriving in St. Louis, Missouri, at 5:00 A.M. May 8, 1952, all transportation by Missouri Pacific being wholly within the State of Missouri." It is stated that this stipulation is in "lieu of and in substitution of" interrogatories served upon defendant, and also in lieu of plaintiff's "notice to Produce."

Subsequent to the entry of record of the above stipulation, plaintiff's counsel made his opening statement. By reason of the conclusion we reach on this appeal, it is not necessary that we set out completely the statement of plaintiff's counsel. It will suffice to say that it was vague and indefinite as to how or in what manner the defendant did any of the acts charged in the petition pertaining to the alleged false imprisonment, and that it contained no recital of material facts pertaining to the purportedly alleged conspiracy. The substance of the opening statement was that someone, presumably agents of the State of California, unlawfully placed plaintiff on a railroad car in Los Angeles; that against her will she was forced by use of armed guards to remain in the car and in the seat assigned to her while the car, locked from the outside, was transported to St. Louis, Missouri, where she was taken by ambulance to a hospital and then imme-

diately released; and that defendant transported the car from Kansas City to St. Louis and knew of the illegal nature of plaintiff's confinement and restraint in the car.

The substance of plaintiff's contentions on this appeal is that the trial court was without authority to direct a verdict on an opening statement, and if it had the authority, it erred in doing so because (1) plaintiff is not limited in her proof to what she stated in her opening statement but may present evidence in support of "the entire pleadings as set forth in her petition," and (2) the opening statement contained a sufficient recital of the facts.

■ Plaintiff contends that Section 510.280 RSMo 1949, V.A.M.S., does not provide for a motion for directed verdict prior to the conclusion of plaintiff's evidence, and therefore, the trial court was without authority to direct a verdict on the opening statement. Section 510.280 abolishes the demurrer to the evidence and the request for peremptory instructions which were authorized prior to the present code of civil procedure, and it then provides that in lieu thereof a party may make a motion for a directed verdict. The only reference to the time of making such a motion is that a party who moves for a directed verdict at the close of the evidence offered by an opponent is not for that reason precluded from offering evidence in the event the motion is not granted. When the demurrer to the evidence and the request for peremptory instructions were authorized, this court recognized the right of a trial court to stop further proceedings when plaintiff's opening statement affirmatively disclosed that he was not entitled to maintain his cause of action or that he had no cause of action, and we see nothing in Section 510.280 which will preclude the continuation of that commendable practice. In Wood v. Wells, Mo.Sup., 270 S.W. 332, this court, quoting from Pratt v. Conway, 148 Mo. 291, 49 S.W. 1028, 1030, 71 Am.St.Rep. 602, said: " 'It has been ruled again and again that

where counsel, in their opening statement, state or admit facts the existence of which precludes a recovery by their client, the courts may close the case at once, and give judgment against their client.' " See also City of St. Louis v. Babcock, 156 Mo. 154, 56 S.W. 731; Wonderly v. Little & Hays Inv. Co., Mo.App., 184 S.W. 1188; Waldron v. Skelly Oil Co., D.C., 101 F. Supp. 425. This is generally the rule in other jurisdictions. Oscanyan v. Winchester Repeating Arms Co., 103 U.S. 261, 26 L.Ed. 539; Best v. District of Columbia, 291 U.S. 411, 54 S.Ct. 487, 78 L.Ed. 882; Illinois Power & Light Corporation v. Hurley, 8 Cir., 49 F.2d 681, certiorari denied 284 U.S. 637, 52 S.Ct. 19, 76 L.Ed. 541. See also the cases from numerous state jurisdictions cited in the annotations in 83 A.L.R. 221 and 129 A.L.R. 559. "The reason for the rule is apparent. If counsel admits he is unable to prove facts essential to a recovery, or to disprove facts fatal to a recovery, there is no need of going to the trouble and expense of hearing evidence which, it is known in advance, will be insufficient." Carter v. Aetna Life Ins. Co., 272 Ky. 392, 114 S.W.2d 496, 497. Plaintiff's contention that the trial court had no authority to direct a verdict for defendant on the opening statement of plaintiff is without merit.

An examination of the cases from this and other jurisdictions indicate that there are two general situations in which a trial court may direct a verdict in favor of the defendant on plaintiff's opening statement. The first situation exists when counsel makes an admission in his opening statement which affirmatively demonstrates as a matter of law that his client has no cause of action or is not entitled to recover on his cause of action. Examples of such cases are Wood v. Wells, supra (cause of collision was slipping on ice by defendant and not negligence of defendant); Wonderly v. Little & Hays Inv. Co., supra (previous settlement and release of claim); Oscanyan v. Winchester Repeating Arms Co., supra (suit on contract was prohibited

by public policy) ; Hey v. Prime, 197 Mass. 474, 84 N.E. 141, 17 L.R.A.,N.S., 570 (cause of action did not survive to plaintiff) ; Crisup v. Grosslight, 79 Mich. 380, 44 N.W. 621 (suit on illegal contract). See also the cases cited in the annotations in 83 A.L.R. 221 and 129 A.L.R. 557. The opening statement in this case did not contain any admission which, if true, would as a matter of law preclude plaintiff from a recovery against defendant. Therefore, the cases which fall into this first group afford no direct precedent for the disposition of the issues on this appeal.

The second situation is represented by those cases wherein the facts recited by plaintiff's counsel in his opening statement which he intends or expects to prove would not, as a matter of law, constitute enough when established by evidence to make a submissible case to go to the jury. Examples of such cases are Carey v. Gray, 98 N.J.L. 217, 119 A. 176; Scarborough v. Central Arizona Light & Power Co., 58 Ariz. 51, 117 P.2d 487, 138 A.L.R. 866; Payne v. Louisville Ry. Co., 294 Ky. 160, 171 S.W.2d 253; Cahalane v. Dennery, 298 Mass. 34, 9 N.E.2d 396; Plotkin v. Northland Transportation Co., 204 Minn. 422, 283 N.W. 758; Cornell v. Morrison, 87 Ohio St. 215, 100 N.E. 817. If the trial court correctly directed a verdict in this case it is because the opening statement of plaintiff's counsel was of this second classification. However, there are well established and definite principles which narrow the situation in which a verdict may be directed for this reason.

 The primary purpose of an opening statement is not to test the sufficiency of plaintiff's anticipated evidence, but is to inform the judge and the jury in a general way of the nature of the action so as to enable them to understand the case and to appreciate the significance of the evidence as it is presented. 88 C.J.S. Trial § 161, 53 Am. Jur., Trial, Sec. 454. Counsel is properly permitted considerable

latitude in making the opening statement, and this would necessarily include what he does not say as well as what he does say. The opening statement is usually only an outline of the anticipated proof and not a detailed statement, Carr v. Delaware, L. & W. R. Co., 78 N.J.L. 692, 75 A. 928, and a party is not confined in his evidence to the proof of facts recited in the opening statement. Aetna Life Ins. Co. v. McAdoo, 8 Cir., 106 F.2d 618; 88 C.J.S. Trial § 161. Therefore, generally the opening statement is not expected to contain all or necessarily even a major part of a party's case. Wilkey v. State ex rel. Smith, 238 Ala. 595, 192 So. 588, 129 A.L.R. 549. By reason of these well accepted and basically sound principles, it is readily apparent that mere insufficiency of the opening statement to recite facts which show that plaintiff's anticipated evidence would, as a matter of law, present a submissible case, is not of itself standing alone sufficient justification to stop the case at that stage and direct a verdict for the defendant. Lucas v. Hamilton Realty Corporation, 70 App.D.C. 277, 105 F.2d 800; Horne v. Ostmann, D.C.Mun.Corp., 35 A.2d 174; Illinois Power & Light Corporation v. Hurley, supra; 53 Am.Jur., Trial, Sec. 379; Annotations 14 Ann.Cas. 699 and 29 L.R.A.,N.S., 219. However, when it affirmatively appears that the whole of plaintiff's case has been fully and completely set forth in the opening statement, and it clearly and definitely appears, as a matter of law, that proof of all the facts so recited, together with all reasonable inferences in favor of plaintiff, would not result in a submissible case, then the trial court may direct a verdict for defendant in order to avoid the unnecessary and useless procedure of taking testimony which is known in advance to be insufficient. But, this action on the part of the trial court should be taken with caution, Mortimer v. East Side Savings Bank, 251 App.Div. 97, 295 N.Y.S. 695, and should be taken only when it affirmatively appears that plaintiff's case has been fully stated and

after counsel has been afforded an opportunity, after the motion for directed verdict has been made, to correct or add to his opening statement. McGovern v. Hitt, 62 App.D.C. 33, 64 F.2d 156, certiorari denied 290 U.S. 637, 54 S.Ct. 54, 78 L.Ed. 554; Cornell v. Morrison, 87 Ohio St. 215, 100 N.E. 817. The trial court should always ascertain definitely if the opening statement as made embraces the entire anticipated proof. Cavanaugh & McCaffrey, Inc., v. Barnard, 83 N.H. 370, 142 A. 700.

In this case the transcript contains the opening statement, the motion for the directed verdict on the ground that if everything related therein was proved plaintiff would not be entitled to recover from the defendant, and the order of the trial court sustaining the motion. The transcript does not show that the motion was argued or discussed, or that plaintiff's counsel in any way indicated that the total of his anticipated proof was contained in the opening statement. As previously stated, plaintiff is not limited in her evidence on the trial to the scope of her opening statement, and ordinarily an opening statement is not the testing ground for a determination of the sufficiency of plaintiff's anticipated evidence. The limitation on plaintiff's right to present evidence is the issues raised by the pleadings. Therefore, even though the anticipated evidence recited in plaintiff's opening statement was not sufficient in and of itself to demonstrate that plaintiff would be able to present sufficient evidence to go to the jury, under the circumstances disclosed by the record in this case and in the absence of an affirmative admission that the facts recited in the opening statement constituted the total of plaintiff's anticipated proof, plaintiff was entitled to present such evidence as she had in support of the allegations in her petition, and we are not entitled to assume on this appeal that she had none. Therefore, the action of the trial court can be sustained only if the petition fails to state a claim upon which relief can be granted.

Plaintiff's petition purports to state a claim in one count for false imprisonment and for a conspiracy to deprive her of her personal liberty. The petition is not a model of good pleading, but the only challenge that defendant has made to it is that it totally fails to state a claim upon which relief can be granted, which was overruled. However, subsequent to that ruling plaintiff entered into the stipulation previously set out, and whether or not the stipulation constituted a formal amendment to the pleadings, it did result in a judicial admission of certain facts which constituted an abandonment of the contrary allegations in the petition, and a substitution therefor of the facts set forth in the stipulation.

When we so consider the allegations of the petition as affected by the stipulation, plaintiff has, in substance, alleged that while she was a passenger on a pullman car ordered by and "in the charge of" the California State Department of Mental Hygiene and the California Youth Authority, the defendant transported that pullman car from Kansas City, Missouri to St. Louis, Missouri, and that on said occasion and during said time, the defendant through its agents, servants and employees acting in its behalf, wrongfully, unlawfully, and without warrant or legal process, by means of duress, restraint and threats of violence, did restrain the personal liberty of plaintiff by compelling her against her will to remain in her seat aboard said pullman car, and by not permitting her to leave said car during its journey. Although somewhat indefinite, these allegations set forth the basic elements of a cause of action for false imprisonment. Pogue v. Smallen, Mo.Sup., 285 S.W.2d 915; Burton v. Drennan, 332 Mo. 512, 58 S.W.2d 740. When the plaintiff in his opening statement, has not affirmatively made an admission that the facts recited constitute the whole of his anticipated proof, he "is entitled to the benefit of all facts proposed to be proved whether contained in the statement or pleadings [in this case as affected by the

stipulation], and the reviewing court must regard them as proved" for the purpose of ruling on whether defendant is entitled to a directed verdict on plaintiff's opening statement. Davenport v. Holden, 95 N.J.L. 197, 112 A. 418. We need not determine if the petition states a cause of action for conspiracy, and we also need not determine if the defendant would have been entitled to a verdict on the opening statement contained in the record if there had been an affirmative admission that the facts there recited constituted the total of the anticipated proof.

The judgment is reversed and the cause is remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur. .