**Fred D. KOONCE and Ada D. Koonce, Appellants,**

v.

**UNION ELECTRIC, Respondent.**

No. 50975.

Missouri Court of Appeals, Eastern District, Division Two.

June 30, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1986.

Application to Transfer Denied Sept. 16, 1986.

Richard E. Schwartz, St. Louis, for appellants.

Timothy O'Reilly O'Sullivan, St. Louis, for respondent.

CRIST, Judge.

Fred D. Koonce and his wife appeal from a directed verdict entered against them in their action against Union Electric (landowner). We reverse and remand.

Koonce was employed by Daniel International (general contractor) as a construction worker at the Calloway nuclear power plant. General contractor was hired by landowner. On February 9, 1982, Koonce ended his shift at approximately 4 p.m. and went to use a portable rest room. As he stepped inside, Koonce slipped and fell, allegedly on snow and ice which had accumulated on the floor. According to Koonce, the portable rest room was located on uneven ground and had a defective door, allowing winter elements to enter. Koonce suffered serious back injuries as a result of the fall.

Koonce initiated an action against landowner, alleging a breach of landowner's nondelegable duty to provide a safe place to work. Koonce alleged landowner breached this duty in the following respects: (1) by failing to insure the rest room floor was covered with a non-skid surface, or to provide guard rails; (2) by failing to require adequate job safety planning by general contractor; (3) by failing to provide adequate supervision of general contractor to insure enforcement of safety procedures; (4) by failing to maintain the portable rest room in good condition (allowing the door to sag open, placing the rest room on uneven ground and allowing snow and ice to build up); and (5) by failing to exercise due care in the selection of a competent general contractor.

At trial, Koonce's attorney presented his opening statement, then called Koonce as his first witness. After three days of direct and cross-examination, the trial judge

requested an offer of proof from Koonce's attorney on how he was going to prove landowner's "control" of the worksite. The trial judge expressed his belief that based on *Hunt v. Jefferson Arms Apartment Co.*, 679 S.W.2d 875 (Mo.App.1984), Koonce was required to prove control of the worksite by landowner. After a lengthy but general offer of proof by Koonce's attorney, the trial judge opined that Koonce did not have sufficient evidence of landowner's "control" of the worksite and directed a verdict for landowner. Koonce appeals from this action.

Our research has revealed only one Missouri case where a trial judge has directed a verdict during plaintiff's case in chief. *See Chalet Apartments v. Farm & Home Savings Ass'n, Inc.*, 658 S.W.2d 508, 509–10 (Mo.App.1983). Rule 72.01, which provides for directed verdicts, is identical to Fed.R.Civ.P. 50(a). The rule specifically refers to a party "... who moves for a directed verdict *at the close of* the evidence offered by an opponent ..." and "... at the close of *all* the evidence...." (Emphasis added.) The trial court may also grant a directed verdict after opening statement, but only if plaintiff's counsel "admits he is unable to prove facts essential to a recovery, or to disprove facts fatal to a recovery ...." *Hays v. Missouri Pacific Railroad Co.*, 304 S.W.2d 800, 803 (Mo.1957). In *Chalet Apartments, Id.*, this court approved the granting of a directed verdict to defendants during plaintiff's case in chief, but only after plaintiff's counsel admitted he had no additional "substantive evidence" to offer. In the present case, plaintiffs' attorney made no such admission and clearly did have additional substantive evidence to present. Further, plaintiffs' attorney here did not affirmatively admit he was unable to prove facts essential to a recovery. *See Hays v. Missouri Pacific Railroad Co., Id.* Under these circumstances, we find the trial court erred in granting a directed verdict to defendant during plaintiffs' case in chief.

Reversed and remanded.

REINHARD, P.J., and CRANDALL, J., concur.