Woodrow JONES, an individual doing business as 360 Degrees, Inc., Respondent,

v.

Tyrone SMALL, Appellant.

No. 52064.

Missouri Court of Appeals, Eastern District, Division One.

March 24, 1987.

William R. Hirsch, Clayton, for appellant.

Forriss D. Elliott, St. Louis, for respondent.

CRIST, Judge.

Appeal from a trial court's dismissal of all claims, those of respondent (plaintiff) and the counterclaims of appellant (defendant), on the court's own motion in the midst of the presentation of defendant's case. We reverse and remand.

Plaintiff filed this lawsuit to recover damages for trespass, unlawful competition and other causes of action arising out of defendant's alleged conduct as a former business associate while plaintiff and defendant shared the same premises. Their relationship was dissolved when defendant obtained a lease to the entire premises, which plaintiff had also been seeking, and sought plaintiff's departure. Defendant counterclaimed for damages under various theories including business interruption, conversion, trespass and unlawful competition.

The parties proceeded before a jury on their respective claims. During the course of defendant's evidence, the trial judge, on his own motion, dismissed all claims of defendant and plaintiff, with prejudice, refusing to allow defendant to continue with his presentment of evidence. At that time, fifteen of defendant's exhibits had been accepted into evidence, the defendant was being cross-examined, and another witness was waiting in the courtroom to testify. Plaintiff neither appealed nor filed a responsive brief.

After listening to plaintiff's and defendant's sometimes wild and woolly, vindicative and sometimes spurious testimony, the trial judge understandably, but not wisely, directed verdicts against both defendant and plaintiff on the ground their credibility had been so destroyed there was no way the jury could reach the issue of damages on plaintiff's cause of action and defendant's counterclaim. Defendant had a right to continue to put on evidence to sustain his counterclaim. *Koonce v. Union Electric,* 715 S.W.2d 19 (Mo.App.1986). There was no showing defendant could not, in any event, prove his cause of action. The dismissal was premature.

Judgment as to defendant is reversed and remanded.

SATZ, P.J., and KELLY, J., concur.