Hillsborough,
Mar. 4, 1947. } No. 3642.

ROSE ALMA ST. GERMAINE, *Adm'x*

*v.*

MANCHESTER COAL AND ICE COMPANY.

*Chretien & Craig (Mr. Chretien* orally), for the plaintiff.

*Alvin A. Lucier* and *Robert Shaw (Mr. Shaw* orally), for the defendant.

BRANCH, C. J. It is unnecessary to pass upon the questions sought to be raised by the exception to the order dismissing the

petition, since a new trial is required because of the erroneous exclusion of evidence.

The attending physician testified that the death of the decedent was due to a condition known as Kuemmell's disease, or traumatic spondylitis, which was described as "collapse of body of the vertebra subsequent to a slight injury which has not caused any immediate change in the spine, in the shape of the spine. It is alleged that this occurs after a period of months or years and is free from pain and sometimes leads to a kyphosis with evidence of pressure on the spinal cord or nerve groups." Subsequently plaintiff's counsel put to the doctor a hypothetical question, in part as follows: "Q. Assuming that on August 8, 1945, this man while lifting a heavy piece of ice on his back suddenly felt a pain in his low back, a pain which was so severe that he had difficulty in handling the ice . . . what would you say as to the cause of the pain in the back and the cause of all the other symptoms that I have described?" This and the two following questions of a similar nature were excluded by the Court, and further proceedings then took place as follows: *"Mr. Chretien:* May I ask Your Honor: Is it on account of the fact that the question is not sufficiently comprehensive that it is excluded? *The Court:* You are stating facts that I haven't heard in evidence yet. *Mr. Chretien:* Is that with reference to the accident? *The Court:* Yes." Counsel for the plaintiff then undertook to re-state his question in part as follows: "Q. Assuming, Doctor, that on August 8, 1945, Edward St. Germaine, who had been delivering ice for many hours on that day, one of which pieces of ice was a piece weighing about 100 pounds, strained his back as he lifted a piece of ice to his shoulder for delivery, . . . will you state what part, if any, this strain in the back on August 8, 1945, played—whether it played an important part. *Mr. Lucier:* I object. *The Court:* Where is your substantive evidence of a strain? *Mr. Chretien:* That came from an admission of the employer in a report which he filed with the Commissioner of Labor. *The Court:* It is some statement apparently made by the deceased. *Mr. Lucier:* It is specifically in the evidence that the report sent to the Commissioner contains the statements of the plaintiff. *The Court:* It is excluded. *Mr. Chretien:* May I have an exception? *The Court:* Yes. *Mr. Chretien:* There is I believe Your Honor, some law on that, that the report of an employer to a Commissioner of Labor is admissible . . . as substantive evidence. *The Court:* Yes, but the facts on which the report was based were supplied by the deceased himself."

From the foregoing excerpts from the record, it is plain that the first

question was excluded because it included a statement of "facts that I haven't heard in evidence yet" with reference to the accident. At this time there had been introduced in evidence a report to the Labor Commissioner, signed by the defendant's manager, Mr. Richer, which contained the following: "24. Describe fully how accident occurred and state what employee was doing when injured. Employee strained his back as he lifted a piece of ice to his shoulder for delivery. 26. Nature and location of injury (describe fully as to location of amputation or fracture, right or left). Bad strain in back." There was also in evidence the testimony of Mr. Richer in part as follows: "Q. Where did you see Mr. St. Germaine? A. At the Sacred Heart Hospital. Q. Will you tell just what he told you at that time? A. At the time I saw him I called in the afternoon. I asked him what had happened. We hadn't heard of him being hurt on the job. So I asked him what had happened, and he told me that when he got near the end of the ice route, delivering ice to a customer, in taking a piece of ice off the truck he felt a pain in his back and as he went along that pain got worse so that he could not report for work the next day. . . . Q. And did you make a report of that to the Labor Commissioner? A. We did." There was also in evidence the statement of the deceased to his physician as follows: "Q. And did you get any history of an accident at that time? A. Yes, sir. Q. And what was that history? A. On August 8th 1945, about 4:00 p. m. he was pulling some ice out of the truck or loading it on his back, and he felt a severe strain in the lower back."

This evidence was introduced without objection from the defendant and with no limitation as to the purpose for which it could be used. Under these circumstances it is established law in this jurisdiction that "hearsay testimony when admitted without objection is to be considered and given its logical probative effect." *Barlow* v. *Verrill*, 88 N. H. 25, 28. The statement of the Trial Court that "You are stating facts that I haven't heard in evidence yet" was therefore erroneous. That the Court based his ruling upon an erroneous belief that the hearsay statements of the decedent could not be treated as evidence of the facts stated therein, was made abundantly plain by his subsequent ruling upon the amended question above quoted. It is evident from his question: "Where is your substantive evidence of a strain?" and his later comment: "It is from a statement apparently made by the deceased." Thus the Court clearly indicated that he did not regard the hearsay statements of the decedent as evidence of the facts stated. Here again the Court was in error as above indicated,

and his ruling excluding the offered evidence upon the ground stated cannot be sustained. "It cannot be said as a matter of law that if this evidence in all its details had been introduced, some legitimate inference favorable to the [plaintiff] might not have been drawn." *Cavanaugh* v. *Barnard*, 83 N. H. 370, 373.

The order must, therefore, be

*New trial.*

All concurred.

---

## MEMORANDUM

On February 26, 1947, Mr. Amos N. Blandin, Jr. was appointed an Associate Justice of this court to fill the vacancy occasioned by the death of Mr. Justice Burque and took his seat upon the bench at the March session, 1947, but took no part in the consideration of the decisions handed down at that session.