Rockingham, Feb. 6, 1945. } No. 3505.

LILLIAN OBER (*individually and as executrix under the will of*

RICHARD J. POWERS)

*v.*

DANIEL B. CURNANE & *a.*

*Waldron & Boynton* (*Mr. Waldron* orally), for the plaintiff.

*William H. Sleeper* (by brief and orally), for the defendant, Daniel B. Curnane.

*Samuel Levy*, for the defendant city of Portsmouth, furnished no brief.

MARBLE, C. J. The original blank form on which the deed in question is typed was that for the discharge of a mortgage. The plaintiff concedes that the signature of Richard J. Powers to the document is genuine but contends that the clauses of the alleged deed were inserted above the signature after Powers had, for some reason, signed the discharge of a mortgage in blank. The appearance of the instrument, which is before us marked as an exhibit, bears out this contention.

A cover is fastened to the document, the effect of which is to conceal the printed title, "Statute Form of Discharge of Mortgage," and also to conceal the fact that six lines of "close, precise writing," which the plaintiff's handwriting expert was unable to decipher, had been erased from the back of the form.

Only ten or twelve printed words are retained in the body of the document; the rest are typewritten. The printed words, as plaintiff's counsel point out, are "spaced at such intervals that only by extreme crowding in many places and extreme brevity in others was it possible to get all that was required for a quitclaim deed into the form."

Although the document is dated January 29, 1929, it was not recorded in New Hampshire until March 22, 1939, and has never been recorded in Massachusetts. Richard J. Powers died on January 31, 1938. The plaintiff testified that she paid the taxes on the New Hampshire property for 1938 after Mr. Powers' death and came to Portsmouth in 1939 to attend to the payment of the taxes for that year, when she learned for the first time of the existence of the alleged conveyance to Curnane.

The deed recites that "one half of the purchase money for each

parcel of land" therein described was furnished by Daniel B. Curnane at the time of purchase and that Richard J. Powers holds "in trust for the said Daniel B. Curnane an undivided half of each Parcel." A former auditor of the Malden Trust Company testified that the money paid on account of the purchase price of the Portsmouth property as well as the money later paid to discharge a purchase-money mortgage was advanced by the Malden Trust Company and charged to Powers' savings account in that institution. This latter payment was made on August 27, 1928, a year and five months before the purported execution of the quitclaim deed to Curnane.

Fraud may be inferred from circumstances (*Cavanaugh &c. Inc.* v. *Barnard*, 83 N. H. 370, 372; *State* v. *Hale*, 85 N. H. 403, 406; *Knox* v. *Perkins*, 86 N. H. 66, 69), and while it should not be lightly inferred (*Jones* v. *Emery*, 40 N. H. 348, 350), we believe that the facts and circumstances here disclosed are so indicative of fraudulent conduct that the plaintiff must be deemed to have established a *prima facie* case.

*Exception overruled.*

All concurred.