## LILLIAN OBER

(*individually and as executrix under the will of* Richard J. Powers)

*v.*

## DANIEL B. CURNANE & a.

*Waldron & Boynton* (*Mr. Waldron* orally), for the plaintiff.

*William H. Sleeper* (by brief and orally), for the defendant, Daniel B. Curnane.

JOHNSTON, J. The defendant in his brief apparently concedes that an exception to the denial of a motion that the court amplify its

findings made after the rendering of the decree raises no question of law. He specifies the one request upon the exception to the denial of which he relies and states the question before this court as follows: "Therefore, the simple issue raised here is whether there was sufficient evidence to warrant the finding that Daniel B. Curnane was guilty of fraud, in obtaining Mr. Powers' signature to the deed."

Since the second hearing was not a new trial but merely a continuation of the first hearing that was suspended before the introduction of the defendant's case, the ruling of the Superior Court at the close of the plaintiff's evidence that the motion to dismiss the bill be denied, stands.

While the burden of proof was upon the plaintiff throughout to establish her claim of fraud, in the opinion of the Trial Judge she sustained that burden and was given a favorable decree to the effect that the deed was null and void. Accordingly, because of the previous ruling of this court and the later decree of the Trial Court, the defendant now has the difficult task of demonstrating that he so completely answered the plaintiff's evidence of fraud that no reasonable person could find as the Trial Judge did. In this task he fails.

Plaintiff's exhibit No. 1, the deed involved, was introduced by the plaintiff for purposes of impeachment. Regardless of the probative effect on the issue of fraud it should have had on the mind of the trier, the defendant cannot rely upon the execution of the deed as proven beyond dispute. In view of the claim of the plaintiff as outlined in the former opinion, *Ober* v. *Curnane, supra,* 93 N. H. 285, 286, that the clauses of the alleged deed were inserted above the signature after Powers had, for some reason, signed the discharge of a mortgage in blank, it is significant that neither the attesting witness nor the notary public was called to disprove the charge of fraud and that their absence was not explained. The defendant, whose deposition was taken, did not claim to have been present at the making or the execution of the deed, and there was no witness who did so claim. The former opinion of this court said: "The appearance of the instrument, which is before us marked as an exhibit, bears out this contention" of the plaintiff concerning the making of the document. *Id.,* 286.

The instrument was dated January 29, 1929, and was not recorded in New Hampshire until March 22, 1939, more than a year after the death of Richard J. Powers, which occurred January 31, 1938. It was never recorded in Massachusetts. The explanation of the defendant that the property was bought for sale and that he, practicing law, never wanted anything to appear in his name is not a conclusive

answer to the charge of a fraudulent delay in making public an instrument for ten years and until after the death of the allegedly defrauded person.

Nor is the evidence of the plaintiff that the payments for the purchase of the property and for the discharge of a purchase-money mortgage came from Powers' savings account and that the said mortgage and mortgage note were signed by Powers alone, necessarily rendered ineffective by evidence of the defendant that he and Mr. Powers had various transactions together and that payments from himself had gone into this account.

Although the defendant testified to complete records of his transactions with Mr. Powers, which were kept in jackets, and such evidence was introduced relative to other matters, nothing in writing was put in evidence showing any accounting between the defendant and Mr. Powers with respect to the Kearsage Street property.

The issue of fraud was properly for the Trial Court.

*Exceptions overruled.*

All concurred.