Dana CRIMMINS, etc., et al.,
Appellants,

v.

Scott MIRLY, et al., Respondents.

No. 47858.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 14, 1984.

Stanley D. Williams, Union, for appellants.

Frederick H. Schwetye, Union, for respondents.

REINHARD, Chief Judge.

Dana Crimmins and her parents brought suit against defendants alleging that their dog, a labrador retriever named Moose, bit Dana. The case was tried before a jury. At the close of plaintiff's evidence, defendants moved for a directed verdict. Their motion was sustained. Plaintiffs appeal. We affirm.

The principal testimony on behalf of the plaintiffs came from the mother of Dana Crimmins. Mrs. Crimmins testified that the incident occurred on July 11, 1982 at approximately 4:00 p.m. at defendants' residence in Sullivan, Missouri. Dana, 5 years old at that time, was a playmate of defendants' young daughter. That day, Dana had received permission from her parents to go play with defendants' daughter in the defendants' yard. Shortly after Dana went over to defendants' yard, Mrs. Crimmins heard a scream. She then saw defendant Scott Mirly carrying Dana toward her saying, "Get a washrag she's been bitten." Dana suffered a wound to her right cheek. She was treated at St. John's Mercy Hospital in Washington, Missouri.

Mrs. Crimmins further testified that on numerous occasions Moose had entered plaintiffs' yard and engaged in fights with their dog over food in the dog's dish. The fights apparently consisted of the dogs growling and snapping at each other with Moose instigating the exchange. Neither dog was ever seriously injured in these fights. In Mrs. Crimmins' words, "The minute you open the door, that breaks [the dogs] up two-thirds of the time." Mrs. Crimmins testified that she had complained numerous times to defendant Mrs. Mirly about Moose's scavenger raids into their yard.

As further evidence of Moose's vicious propensity, Mrs. Crimmins testified that Moose would run out in the road and snap at the legs of children who were riding bikes down the street. Mrs. Crimmins explained that by "snapping" at the boys she meant Moose "would run out there barking and jump up at their legs," and "[the children] had to kick him away." She observed Moose snap at her son one time while he was riding his bicycle. Mrs. Crimmins stated that defendant, Mrs. Mirly, knew of the bicycle incident because she came out and yelled at the dog to come back two or three times.

In sum, evidence from Mrs. Crimmins showed that prior to July 11, 1982, Moose fought with other dogs over food in the dog's dish and chased children on bicycles barking and snapping at them, in one instance snapping at her son. Through the testimony of Mrs. Crimmins, plaintiffs established that defendants were aware of this behavior by Moose.

■ The law in Missouri is clear that an owner of a dog is liable for any injury caused by a dog if the owner harbors the dog with knowledge, actual or constructive, of its vicious or dangerous propensities. *Frazier v. Stone*, 515 S.W.2d 766, 768 (Mo. App.1974). The requirements for establishing a submissible case are two-fold. Plaintiff must establish the dog has vicious or dangerous propensities and then plaintiff must show knowledge by the owner of the dog's vicious propensities.

■ We conclude the plaintiffs failed to make a submissible case on the evidence presented. A dog fighting with another

dog over food is a common occurrence and is more indicative of the general characteristics and instincts of dogs rather than the propensity to act viciously against people. *See Mitchell v. Newsom,* 360 S.W.2d 247, 250 (Mo.App.1962). In *Gardner v. Anderson,* 417 S.W.2d 130, 136 (Mo.App.1967), the court considered whether evidence that a dog had chased children riding bicycles, barking, snapping at them, yet not biting any children, would be sufficient to establish the dog's vicious propensity. The court found a submissible case had not been established because "reasonable men could not conclude that prior to the time plaintiff was bitten the dog was possessed of vicious or dangerous propensities, so as to require defendant in the exercise of ordinary care, to either restrain her dog or have her destroyed." *Gardner v. Anderson,* 417 S.W.2d 130, 136 (Mo.App.1967). We find *Gardner* to be controlling in this case.

 Plaintiffs would also have us consider the testimony of Vicky Isom, a former owner of Moose, in determining whether a submissible case was made. Isom testified that several years ago Moose was in a dog fight with two other dogs. A little girl, who was the owner of the other dogs, was bitten by Moose as she attempted to break up the fighting dogs. We will assume arguendo that the biting of the little girl who placed herself in the middle of the dog fight proves Moose had vicious propensities.[1] However, in order to establish a submissible case, plaintiff still had the burden of introducing evidence that the defendants were aware of this incident. Mrs. Isom testified that she did not know if defendants had been informed of this prior incident. Plaintiffs' counsel, claiming surprise at her testimony, was allowed to impeach her. She admitted that she had previously told plaintiffs' counsel she had warned the defendants that Moose had bitten a little girl. Isom's admission of this prior inconsistent statement does not meet plaintiffs' burden of proof. Extrajudicial impeachment testimony of a witness is not substantive evidence and cannot be used to determine the submissibility of the case. *Rogers v. Fiandaca,* 491 S.W.2d 560, 565 (Mo.1973). Therefore, this testimony of the prior dog fight is insufficient to establish the second requirement of a submissible case, knowledge by the defendants of the vicious tendencies of the dog.

Plaintiffs have failed to establish any vicious tendencies of the dog of which defendants were aware. Therefore, the judgment of the trial court is affirmed.

KAROHL, P.J., and CRANDALL, J., concur.

---

1. While it is questionable that this bite, occurring under circumstances of provocation, would be sufficient to show vicious propensities of the dog, we need not reach that determination. *See Sayers v. Haushalter,* 493 S.W.2d 406, 408 (Mo.App.1973).