Jack **DICK**, Plaintiff-Appellant,

v.

**RACE BROTHERS FARM SUPPLY, INC.,** Defendant-Respondent.

No. 14919.

Missouri Court of Appeals, Southern District, Division Two.

April 22, 1987.

Stephen P. Seigel, Springfield, for plaintiff-appellant.

Stephen H. Snead, Mann, Walter, Burkart, Weathers & Walter, Gail L. Fredrick, Freeman, Fredrick, Bennett & Rogers, Springfield, for defendant-respondent.

## PER CURIAM:

Plaintiff filed a two-count petition, each count seeking actual and punitive damages. Count I was based upon conversion of plaintiff's "farm equipment and supplies". Count II, for malicious prosecution, claimed that defendant caused plaintiff to be charged with "stealing" and he was acquitted of that charge. During trial with a jury the judge sustained defendant's motion for directed verdict and entered judgment for defendant on both counts. Plaintiff appeals.

Plaintiff's claims apparently arise out of the incidents described in *State v. Dick*, 636 S.W.2d 425 (Mo.App.1982). In that matter plaintiff was found not guilty of stealing, but guilty of receiving stolen property. Plaintiff contends in his points relied on that the trial court erred in directing a verdict for defendant because a submissible case was made on both counts.

Plaintiff did not file a motion for new trial. Rule 78.07 states in part that in jury tried cases "allegations of error to be preserved for appellate review must be included in a motion for a new trial except that questions of jurisdiction over the subject matter, questions as to the sufficiency of the pleadings to state a claim or defense and questions authorized by Rule 72.01 to be presented in motions for judgment need not be included in a motion for new trial." None of the exceptions appear to apply here.

 Under Rule 78.07 a contention that a verdict was erroneously directed must be raised in a motion for new trial to be preserved for appellate review. *Maj*

*Investment Corp. v. Wersching,* 612 S.W.2d 364, 365 (Mo.App.1980); *McMahon v. Charles Schulze, Inc.,* 483 S.W.2d 666, 667–668 (Mo.App.1972). The contentions plaintiff seeks to raise were not properly preserved for this court's review. "Plain error" as defined in Rule 84.13(c) is not present.

The judgment is affirmed.

All concur.