Edward L. BAXTER and Hazel K.
Baxter, Appellants,

v.

ACME SHEET METAL WORKS,
INC., Respondent.

No. WD 40701.

Missouri Court of Appeals,
Western District.

Jan. 31, 1989.

Ralph O. Wright and Gary W. Collins of Wright & Collins, Kansas City, for appellants.

James S. Stubbs and Tracy L. Pierce of Sherman, Wickens, Lysaught & Speck, P.C., Kansas City, for respondent.

Before MANFORD, P.J., and TURNAGE and LOWENSTEIN, JJ.

MANFORD, Presiding Judge.

Appellants appeal from an order of the trial court sustaining a motion for a directed verdict against appellants in this action for damages for injuries allegedly caused by the negligence of respondents. The appeal is dismissed.

Plaintiffs, Edward L. Baxter and Hazel K. Baxter, filed a two-count petition against defendant, Acme Sheet Metal Works, Inc., to recover damages for injuries received when Edward L. Baxter fell from a ladder installed by defendant at Baxter's place of employment. Count I charged defendant with carelessness and negligence in installing a defective ladder, installing the ladder without adequately securing it to other structures, and in failing to warn of the defective condition of the ladder. In Count I, Edward L. Baxter sought damages for his injuries and costs. Count II set forth Hazel K. Baxter's claim for damages due to loss of consortium. During trial to a jury, the trial court sustained defendant's motion for a directed verdict and entered judgment for defendant (hereinafter respondent) on both counts. Plaintiffs (hereinafter appellants) appeal.

Appellants raise two points on appeal which, in summary, charge that the trial court erred in sustaining respondent's motion for a directed verdict because (1) appellants presented sufficient evidence that respondent breached a duty owed to appellants by not bracing or securing the side rail of the ladder so as to make the cause submissible to a jury, and (2) appellants presented sufficient evidence that respondent breached a duty owed to appellants by not warning of the dangerous condition of the ladder so as to make the cause submissible to a jury.

For reasons discussed herein, this court rules that neither of appellants' assertions

of error in points (1) or (2) have been preserved for appellate review. Appellants did not file a motion for new trial. Rule 78.07, V.A.M.R., states in part that in jury tried cases "allegations of error to be preserved for appellate review must be included in a motion for a new trial except that questions of jurisdiction over the subject matter, questions as to the sufficiency of the pleadings to state a claim or defense and questions authorized by Rule 72.01 to be presented in motions for judgment need not be included in a motion for a new trial." None of the exceptions apply to the instant case.

■ An erroneously directed verdict is an error which must be raised in a motion for new trial to be preserved for review. *Dick v. Race Bros. Farm Supply, Inc.,* 728 S.W.2d 687, 688 (Mo.App.1987); *MAJ Investment Corp. v. Wersching,* 612 S.W.2d 364, 365 (Mo.App.1980). The purpose of Rule 78.07 is to give the trial judge the opportunity to correct trial errors without the delay, expense and hardship of an appeal. *Pruitt v. Community Tire Co.,* 678 S.W.2d 424, 429 (Mo.App.1984). The rules governing motions for a new trial will be strictly enforced to effectuate their intended purposes. *Bowman v. Burlington Northern, Inc.,* 645 S.W.2d 9, 13 (Mo.App. 1982). In the instant case, therefore, appellants have failed to present points entitled to consideration on the merits.

■ Presumably because appellants overlooked the necessity of preserving claims of error by filing a motion for a new trial, appellants make no request in their brief for review of plain error pursuant to Rule 84.13(c), V.A.M.R. Pursuant to Rule 84.13(c), plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom. Plain error review of the points which were not properly preserved is not justified in the instant case. The record does not indicate that a manifest injustice or miscarriage of justice has occurred by reason of any action or ruling of the trial court.

■ Appellants' appeal is dismissed for failure to file a motion for a new trial pursuant to Rule 78.07, thereby failing to preserve points for review. This court, however, has ex gratia reviewed the record in light of the points argued by appellants. From such a review, it does not appear that the trial court erred in directing a verdict against appellants and, hence, there is no reason to reverse the judgment of the trial court. As a general rule in Missouri, once a contractor's work has been accepted by the owner of a premises, the contractor has no liability for injuries to third parties with whom he did not contract. *Chubb Group of Ins. v. C.F. Murphy & Assoc.,* 656 S.W. 2d 766, 775 (Mo.App.1983), citing *Begley v. Adaber Realty & Inv. Co.,* 358 S.W.2d 785, 791 (Mo.1962). Exceptions to the general rule of nonliability have been created, see *Begley, supra* and *Chubb, supra,* but the evidence presented by appellants did not place this case within those exceptions. Additionally, if the trial court directed a verdict against appellants for the reason that appellants failed to prove the elements of negligence, including causation, there would be no error by the trial court.

The appeal is dismissed.

All concur.