Forrest R. HOEFER, Dorothy
G. Hoefer, Appellants,

v.

ROCHE BIOMEDICAL LABORA-
TORIES, INC. and Deena Rae
Johnson, Respondents.

No. WD 44200.

Missouri Court of Appeals,
Western District.

Jan. 14, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

John B. Neher, Higginsville, for appellants.

Jack T. Bangert, Elizabeth A. Heine, Kansas City, for respondents.

Before LOWENSTEIN, C.J., and SHANGLER and TURNAGE, JJ.

LOWENSTEIN, Chief Judge.

This is an appeal from the granting of a directed verdict for the defendants at the end of the plaintiffs' opening statement. This suit brought under the rescue doctrine is for damages suffered when the appellant Forrest Hoefer was helping the driver of the respondent's vehicle, which had skidded off an icy highway.

Despite a welter of objections and incorrect rulings, counsel for Hoefer managed to bring out the following in opening statement: The defendant Johnson was driving the auto of the defendant Roche south on Highway 13 toward Higginsville, on the first day of February at three in the afternoon. The weather was "cold and damp," the "road conditions were wet and slick, and even icy." Johnson lost control after coming out of a curve, crossed the highway, the front of her car imbedding in a roadside ditch. Hoefer, also going southbound, came around the curve, saw her car and saw Johnson "slumped over the steering wheel." He stopped and crossed the road to help her. A Mr. Sinnett coming from other direction (north) saw the Roche auto in the ditch on his side of the road, pulled past it and went to Johnson's aid. Hoefer told Johnson a tow truck was needed, Ms. Johnson got out of the car, and then a pickup truck, heading south, came around the curve, off the highway, hit plaintiff Hoefer, and smashed into the driver's side of the Roche auto. Hoefer's inju-

ries were quite severe—he had numerous operations on his legs and a shoulder. He could not walk for sixteen months. His walking ability is permanently impaired and he will have little movement in his left arm.

In a nutshell, Johnson and her employer state that the plaintiff admitted to no cause of action in his opening statement by admitting the road was slick and icy, that defendant Johnson lost control of her car and went across the northbound lane into a ditch, that Hoefer coming the same way stopped his car and Sinnett heading the opposite way stopped, that "there were no obstacles in the road," and that the pickup lost control and struck Hoefer. This logic, and the defendant's conclusion that these admissions "demonstrated that plaintiff had no cause of action under the rescue doctrine since any negligence by the defendants was not the proximate cause of plaintiff's injuries," cannot be understood or endorsed by this court.

■■■ At the outset it is again noted the court dismissed the action after plaintiff's opening statement, a highly unusual and rarely justified action, since the opening statement is but an outline of what the proof will be. *Hanes v. Bacon Sales Co.,* 602 S.W.2d 50, 52 (Mo.App.1980). A directed verdict after opening statement is justified only where it "affirmatively appears" the plaintiff cannot recover as a matter of law, *id.* at 52, *Gibson v. Grant,* 766 S.W.2d 706, 710 (Mo.App.1989). As stated in *Gibson, supra,* at 710, such a motion "should be granted only if plaintiff: (1) by admission affirmatively demonstrates, as a matter of law, the plaintiff has no cause of action or is not entitled to recover on his cause of action; or, (2) if the facts recited do not, as a matter of law, constitute enough to make a submissible case." Further, where the plaintiff in exercising the option to make an opening statement merely outlines what the evidence is expected to be, the resolution of conflicts is best left to the jury. *Gibson,* at 710; *Hanes* at 52.

■■ The theory of recovery for negligence under the rescue doctrine is discussed in *Krause v. U.S. Truck Co.,* 787 S.W.2d 708 (Mo.banc 1990) and *Lowrey v. Horvath,* 689 S.W.2d 625 (Mo.banc 1985). *Lowrey* states at page 626: "a person who is injured in the course of undertaking a rescue may recover from the person whose negligence created the peril necessitating the rescue so long as the rescuer's conduct is not rash or reckless." If the defendant negligently was imperiled, and the rescue attempt reasonable where there is a foreseeable likelihood those acts will cause harm to the rescuer, *i.e.,* the rescuer's injury is the "natural and probable consequence" of such act, the defendant is liable. *Id.* at 627.

The question of foreseeability plays a prominent rule in determining proximate cause. *Krause, supra,* at 711.

If two or more persons are guilty of consecutive acts of negligence closely related in time, there is a question as to whether the initial act of negligence was the proximate cause of the injury or whether there was an "efficient, intervening cause." The practical test of proximate cause is generally considered to be whether the negligence of the defendant is that cause or act of which the injury was the natural and probable consequence. "Thus, from the essential meaning of proximate cause arises the principle that in order for an act to constitute the proximate cause of an injury, some injury, if not the precise one in question, must have been reasonably foreseeable." The cases discussing proximate cause and efficient, intervening cause, each case must be decided on its own facts, and it is seldom that one decision controls another. Identifying those within the range of foreseeability who may be injured by an act of negligence is somewhat an exercise in subjectivity.

(citations omitted) *Id.* at 711.

Under *Lowrey* where the defendant was injured in his well and the plaintiff went inside the well to help, and *Krause,* where a volunteer ambulance attendant was injured helping an injured driver at the scene of multiple auto collisions, the Supreme Court recognized submissions under the rescue doctrine. The facts of both cases,

particularly *Krause*, are similar to those in the case at bar, and so provided Hoefer has a submissible case if the evidence follows the opening statement.

In this case, however, the defendants latch onto two cases for the proposition that because there were no obstructions in front of the defendant's car, and that because the plaintiff and another motorist managed to stop, this somehow combined to make the pickup truck's sliding into the ditch an intervening cause. *Strake v. R.J. Reynolds Tobacco Co.*, 539 S.W.2d 715 (Mo.App.1976), contained the issue of directing a verdict at the close of plaintiff's evidence. *Id.* at 717. The eastern district found an intervening cause where the defendant's car rear-ended the plaintiff's car some 5 to 10 minutes before the second act of negligence occurred. *Id.* at 719. The other case, *Metzger v. Schermesser*, 687 S.W.2d 671 (Mo.App.1985), also involved whether or not a verdict should have been directed at the close of the plaintiff's case. The court noted an intervening cause is a new and independent force interrupting the chain of events and it becomes the proximate cause. *Id.* at 673. In *Metzger*, there was a car accident behind the plaintiff driver, who went back to turn on flasher lights on one of the cars. The intersection was dimly lit and a storm further impaired visibility. *Id.* at 672. The court noted under negligence principles the wrong that imperils the life of the victim is also a wrong to the rescuer. *Id.* The *Metzger* defendants, as here, argued their act of negligence was not the proximate cause, but that the plaintiff's injuries were caused by the later arriving car. *Id.* at 673. Although noting an obstruction in the road, and the poor conditions, the *Metzger* court concluded these facts could not be determined, as a matter of law, to amount to leading to an intervening cause and so relieve the defendant of liability. The *Metzger* court also noted that the respective degrees of negligence among multiple defendants is generally a jury question. *Id.* at 674. This last statement is further authority to allow the plaintiffs in the case at bar to continue.

The judgment is reversed and the cause remanded for trial.