**Michael BROUK, Plaintiff/Appellant,**

v.

**Andreas Ten BRUEGGEATE, et al.,
Defendants/Respondents.**

No. 62340.

Missouri Court of Appeals,
Eastern District,
Division One.

March 23, 1993.

Wayne R. Brewster, Bradley E. Wright, St. Louis, for plaintiff/appellant.

Sam P. Rynearson, Martin J. Buckley, Evans & Dixon, St. Louis, for defendants/respondents.

AHRENS, Presiding Judge.

Plaintiff, Michael Brouk, appeals from judgment entered in favor of defendants, Andreas Ten Brueggeate and Penny Ten Brueggeate,[1] at the close of plaintiff's opening statement. The trial court found that plaintiff's opening statement failed to sufficiently outline evidence which could prove to the jury that defendants were liable to plaintiff for injuries caused by defendants' dog. We affirm.

■ This action arose out of injuries sustained by plaintiff when he was riding a bicycle and defendants' dog ran into the bicycle, causing plaintiff to be thrown from the bicycle. The petition alleged that defendants were negligent in two respects. First, plaintiff claimed defendants were negligent in failing to restrain or leash their dog when defendants knew, or should have known, that their dog had a tendency to attack or act aggressively toward strangers. Second, plaintiff contended defendants were negligent in failing to confine or leash their dog, which had or was suspected of having vicious propensities, in violation of the following ordinance:

### SECTION III. IMPOUNDMENT AND REDEMPTION

A. The rabies control officer or other person designated by him shall have the power to catch, confine, and impound all dogs and other animals as follows: ...

5. All unconfined or unleashed animals or dogs with vicious propensities or suspected of being vicious.[2]

At trial, plaintiff's attorney outlined plaintiff's injury in his opening statement. At the close of the opening statement, defendants' attorney made a motion for directed verdict. The basis for the motion was that the opening statement did not include any facts regarding vicious propensities of the defendants' dog or knowledge of the defendants of the propensity of their dog to cause injury. Following discussion on the record, and after granting a brief recess, the court provided plaintiff with the opportunity to reopen the opening statement. Plaintiff's attorney declined, and did not add anything to the opening statement. The court then directed the verdict in favor of defendants.

Plaintiff's sole point on appeal is that the trial court erred in granting the motion for directed verdict because plaintiff's attorney did not affirmatively admit that he had stated all of his evidence during opening statement. Our review of the record indicates that this claim of error was not properly preserved for appellate review, as

---

**1.** Defendants names have been variously spelled as TenBruggencate, TenBrueggeate, Ten Brueggeate and Ten Bruggencate. We use the spelling from the Notice of Appeal.

**2.** As this ordinance does not require that all dogs are to be leashed, it does not impose any liability under *Jensen v. Feely,* 691 S.W.2d 926 (Mo.App.1985).

plaintiff did not file a motion for new trial. Rule 78.07 states, in pertinent part, that all allegations of error which are to be preserved for appellate review must be included in a motion for new trial, except that questions of jurisdiction over the subject matter, questions as to the sufficiency of the pleadings to state a claim or defense and questions authorized by Rule 72.01 to be presented in motions for judgment need not be included in a motion for new trial. None of the exceptions apply to this case.

Rule 78.07 is applicable when directed verdicts are entered in jury-tried cases. *Robert E. Denton, Inc. v. Spelman Memorial Hosp.*, 784 S.W.2d 810, 813 (Mo. App.1990). An erroneously directed verdict is an error which must be raised in a motion for new trial to be preserved for appellate review. *Baxter v. Acme Sheet Metal Works, Inc.*, 763 S.W.2d 733, 735 (Mo.App.1989). The purpose of Rule 78.07 is to give the trial judge the opportunity to correct trial errors without the delay, expense and hardship of an appeal. *Id.* As plaintiff did not file a motion for new trial, his claim of error is not entitled to consideration on the merits.

Plaintiff has not requested that we review for plain error pursuant to Rule 84.13. Pursuant to Rule 84.13(c), plain error affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds manifest injustice or a miscarriage of justice has resulted. *Id.* Plain error review is not justified in this case, as the record does not indicate plaintiff sustained any manifest injustice or miscarriage of justice by the ruling of the trial court.

This court has, however, reviewed the record in light of plaintiff's claim of error. From such review, we find the trial court did not err in directing a verdict in favor of defendants.

It is the general rule that courts should be reluctant to direct a verdict at the close of plaintiff's opening statement. *Gibson v. Grant*, 766 S.W.2d 706, 709 (Mo. App.1989). The opening statement is usually only an outline of anticipated proof, not a detailed statement, and counsel is not required nor expected to recite every detail of evidence to be offered. *Id.*

A directed verdict following plaintiff's opening statement is appropriate, however, when it affirmatively appears that the whole of plaintiff's case has been fully and completely set forth in the opening statement and it clearly appears, as a matter of law, that proof of the recited facts, together with all reasonable inferences in favor of plaintiff, would not result in a submissible case. *Id.* at 710; *Hanes v. Bacon Sales Co.*, 602 S.W.2d 50, 52 (Mo. App.1980). In that event, the trial court may direct a verdict for defendant in order to avoid the unnecessary and useless procedure of taking testimony which is known in advance to be insufficient. *Hays v. Missouri Pacific Railroad Co.*, 304 S.W.2d 800, 804 (Mo.1957). The court should direct a verdict only after it affirmatively appears that plaintiff's case has been fully stated and counsel has been given the opportunity, after the motion for directed verdict, to correct or add to the opening statement. *Zabol v. Lasky*, 498 S.W.2d 550, 554 (Mo.1973).

Here, proof of the facts set forth in plaintiff's opening statement, together with all reasonable inferences which may be drawn, would not result in a submissible case against the defendants. Missouri law is clear that, absent a violation of a leash law, the owner of a dog is liable for an injury caused by a dog only if the owner harbors the dog with actual or constructive knowledge that the dog has vicious or dangerous propensities. *Crimmins v. Mirly*, 675 S.W.2d 663, 664 (Mo.App.1984). A plaintiff must establish both that the dog has vicious propensities and knowledge of the owner of vicious propensities. *Id.* Evidence of a dog's barking, running loose, jumping and lunging do not establish viciousness, but rather are activities in which all dogs engage. *Frazier v. Stone*, 515 S.W.2d 766, 769 (Mo.App.1974).

The relevant portions of plaintiff's opening statement were as follows:

\*　　\*　　\*　　\*　　\*　　\*

Back on June 16th, 1987 my client, Michael Brouk was riding his bicycle.

\*   \*   \*   \*   \*   \*

[H]e sees a dog running from his left to his right. It is about ten yards or so, ten feet or so ahead of him, he sees this dog running in his left to his right, he slows up, as he is riding he moves to his left as it is running from left to right, he did not see where the dog went. He travels this approximate hundred feet or so as he is approaching, which is very close to where the defendants live. This dog, a black dog, comes running out and runs into his bicycle. Now we have, this was a collision, um, this was a black lab it was about a year—a little over a year old, it wasn't fully grown, but this was no small puppy.

\*   \*   \*   \*   \*   \*

[T]his was a collision between this dog and this bicycle. My client went over the handle bars of his bike when this dog ran into him and he landed on his right shoulder.

\*   \*   \*   \*   \*   \*

Well, immediately after the dog ran into the bicycle, there was a woman with her daughter right across, well almost directly across the street from the defendant's [sic] house, her name is Nancy Hanes, she was in her driveway with her daughter and they were out trying to put seat covers or something on a car, I think that's what she will testify. She heard the sound of the collision, heard the dog yelp and run back to the defendant's [sic] yard.

\*   \*   \*   \*   \*   \*

Um, in any event, Miss Hanes, I think the evidence is going to show that shortly before this incident occurred, um, this was, this dog that ran out and collided with my client was the defendant's [sic] dog. Um, the evidence is going to show, and I anticipate the defendants are going to tell you their dog never got loose, was always chained up to the dog house in their backyard. I think the evidence is going to show that their yard was not fenced in, although the neighbors on both sides and the back had fences there was no—the defendant's [sic] did not

have a fence to the front, so you can get from the street into their backyard without going through a gate, that it was open. Um, I think the evidence is going to show that this was the defendant's [sic] dog, contrary to what I anticipate their testimony to be, that their dog was never free, this was their dog, that did in fact run out and collide with my client while he was on his bike and ran back into their backyard.

\*   \*   \*   \*   \*   \*

This dog was running up and down the fence line of the property, I think the testimony is going to be that the dog was acting crazy. Was running up and down, up and down, up and down, and Miss Hanes will tell you specifically that she noticed the dog doing this before this incident occurred, because she, I think her words were, and I think she will testify, she thought it was funny the way the dog was acting before this all occurred. And then she will tell you that it was their dog.

\*   \*   \*   \*   \*   \*

In the opening statement, plaintiff failed to set forth any facts regarding vicious propensities of the dog or knowledge of the defendants of vicious propensities. The opening statement sets out only that the defendants were the owners of the dog, that the dog was running loose on the date of plaintiff's injury, and that when the dog was running up and down the fence line, it was "acting crazy."

After defendants' counsel made a motion for directed verdict, plaintiff's counsel indicated to the court that he believed his opening statement was sufficient to withstand a motion for directed verdict because he had stated plaintiff would show the defendants allowed their dog to run loose. Defendants' attorney argued this alone was insufficient to establish liability of the defendants. Following a recess, the trial court granted plaintiff leave to add to the opening statement. Plaintiff's attorney did not add to his opening statement. He advised the court he had no additional facts to add. Plaintiff's counsel indicated that the opening statement was sufficient as it set

forth facts which established the defendants' ownership of the dog and that the dog was loose.

 Plaintiff was given the opportunity by the trial court to correct or add to the opening statement. However, plaintiff made no effort to present any anticipated evidence or facts of vicious propensities of the dog or knowledge of the defendants of vicious propensities. In such instances, when, after a motion for directed verdict, plaintiff's counsel makes no effort to correct deficiencies in the opening statement, the court may conclude that the opening statement did state the whole of plaintiff's case. *See Swindler v. Butler Manufacturing Co.*, 426 S.W.2d 78, 84 (Mo.1968). Here, the record indicates plaintiff had fully and completely set forth his case in opening statement. The trial court did not err in directing the verdict in favor of defendants.

Judgment affirmed.

REINHARD, CRIST, JJ., concur.