**Tomye JONES and John Jones, Sr., Plaintiffs/Appellants,**

v.

**David KELLER and Barbara Keller, Defendants/Respondents.**

No. 62413.

Missouri Court of Appeals, Eastern District, Division Four.

March 30, 1993.

John David Anderson, Christine L. Krieger, Charles R. Schroeder, St. Louis, for plaintiffs/appellants.

Gerard Thomas Noce, St. Louis, for defendants/respondents.

CRAHAN, Judge.

This is an arguably frivolous appeal from an order granting Defendants' motion for summary judgment and dismissing Plaintiffs' claims for personal injuries and loss of consortium based on a dog bite inflicted by Defendants' dog. We affirm.

Before turning to the merits of the appeal, we note and reject Plaintiffs' numerous attempts to supplement the record before this Court by improper means. The record before the trial court when it ruled on Defendants' motion for summary judgment consisted of the pleadings of the parties and Defendants' motion supported by specific references to Plaintiffs' answers to interrogatories and the deposition testimony of Defendant Barbara Keller. Plaintiffs filed no response to the motion. In the absence of any response, the facts alleged in Defendants' motion are deemed admitted. Rule 74.04; *Missouri Insurance Guaranty Assn. v. Wal–Mart,* 811 S.W.2d 28, 35 (Mo.App.1991). On appeal, Plaintiffs have attempted to supplement the record by reference to deposition testimony attached to Plaintiffs' brief which was not and could not properly have been included in the legal file because it was not before

the trial court. Even as late as the oral argument, Plaintiffs attempted to further supplement the record by passing out an "exhibit" consisting of a breakdown of medical expenses never submitted to the trial court and totally foreign to the record. Such tactics are improper, unfair to opposing counsel and burdensome to this Court. To the extent that Plaintiffs seek to assign error to the trial court on the basis of such materials, the allegations have not been properly preserved for review and will not be considered herein. Rule 84.13(a).

From the record before the trial court we learn that at the time of the incident the parties lived in the same unincorporated subdivision in St. Charles County. Defendant Barbara Keller ("Defendant") was the owner of a one year old dog named "Sugar." Prior to the incident, the dog had never bitten, chased or attacked anyone or displayed any aggression toward any person. To Defendant's knowledge, the dog had a good temperament. The dog had no history of running loose. On August 29, 1989, however, the dog escaped from its collar and leash in Defendant's yard. When Defendant noted that the dog was missing, she called to it and then drove around the neighborhood looking for it. When Defendant spotted the dog, she stopped the car, opened the passenger door and called to it. The dog began to approach the car but then suddenly ran across the street in the direction of the Plaintiffs' house.

At this time, Mrs. Jones ("Plaintiff") was walking her cat on a leash. As the dog approached, the cat jumped up, pulled its leash out of Plaintiff's hand and ran down the street with the dog in hot pursuit. Plaintiff began screaming and yelling and chased the dog and cat up and down the street three times. After the third circuit, the dog and cat stopped in the vicinity of Plaintiff's driveway and began growling and biting at each other. When Plaintiff interjected herself by placing her leg between the fighting cat and dog, she was bitten on the leg by both the dog and the cat.

It is well established in Missouri law that, absent a violation of a leash law, an owner of a dog is liable for injuries it inflicts only if the owner harbors the dog with actual or constructive knowledge that the dog has vicious or dangerous propensities. *Crimmins v. Mirly*, 675 S.W.2d 663, 664 (Mo.App.1984). The requirements of a submissible case are two-fold: the plaintiff must establish the dog has vicious or dangerous propensities and must also show that the owner had knowledge of such propensities. *Id.* In this case, there is no evidence whatsoever to support an inference that Defendants' dog has any vicious or dangerous propensities and, *a fortiori*, no basis for inferring that Defendants had any reason to know of same.

Contrary to Plaintiffs' contention, the fact that Mrs. Keller witnessed the incident that gave rise to this suit cannot serve as the basis for liability for two reasons: (1) it is *prior* knowledge of vicious or dangerous propensities as exhibited on a *prior* occasion or occasions that is the required predicate for liability; and (2) chasing and even attempting to bite a cat is more indicative of the general characteristics and instincts of dogs rather than the propensity to act viciously *against people*. *See, e.g., Crimmins*, 675 S.W.2d at 664–65 (fighting with other dogs not indicative of propensity to act viciously against people); *Frazier v. Stone*, 515 S.W.2d 766, 769 (Mo. App.1974) (barking, running loose, jumping and lunging deemed general activities of dogs not sufficient to establish viciousness).

Contrary to Plaintiffs' contention, *Duren v. Kunkel*, 814 S.W.2d 935 (Mo. banc 1991) does not support a different result. In fact, *Duren* acknowledged and reaffirmed the standard consistently applied to domesticated animals (in *Duren*, a bull) and found no liability under that standard. *Duren*, 814 S.W.2d at 938. *Duren* then went on to hold that plaintiff's inability to satisfy the requirements for liability based on knowledge of abnormally dangerous propensities did not, *ipso facto*, preclude liability based on the plaintiff's status as the defendant's invitee or employee. *Id.*

Plaintiffs have neither pled nor tendered evidence of any such status or relationship between the parties upon which to predicate a legal duty such as that recognized in *Duren.*

Finally, Plaintiffs assert that Defendants may be held liable for violating a private restrictive covenant which, according to Plaintiffs, prohibits residents of the subdivision from allowing animals to run loose. We are cited to no authority and perceive no merit in this contention but do not reach or decide the issue because Plaintiffs filed no such covenant before the trial court. For the reasons set forth above, nothing is preserved for our review.

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.