Jay ANGOFF, Dir., Dept. of Ins., State of Mo., Respondent,

v.

AMERICAN FINANCIAL SECURITY LIFE INS. CO., Appellant.

No. WD 49178.

Missouri Court of Appeals, Western District.

Nov. 29, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1995.

Robert L. Hawkins, Jefferson City, for appellant.

Elisabeth R. Sauer, Kansas City, for respondent.

Before HANNA, P.J., and BRECKENRIDGE and SMART, JJ.

PER CURIAM:

This case involves a motion filed by an insurance company to terminate rehabilitation. American Financial Security Life Insurance Company ("AFSLIC") appeals from the trial court's order denying the motion to terminate rehabilitation.

Judgment is affirmed.

On February 8, 1993, the trial court ordered the Director of the Department of Insurance to take charge of AFSLIC. The court enjoined AFSLIC and its officers, managers, agents and employees from disposing of assets and transacting business. On March 30, 1993, the trial court ordered AFSLIC into rehabilitation. Jay Angoff, Director of the Missouri Department of Insurance ("the Director"), plaintiff, was appointed rehabilitator of AFSLIC. The court found that AFSLIC was operating in such a financial condition that the further transaction of its business was hazardous to its policyholders, creditors or the public. The trial court found AFSLIC to be operating in a hazardous condition because: 1) its ratio of premiums to capital and surplus was excessive; 2) it overstated its reserve credits and resulting surplus; and 3) its admissible assets were less than its liabilities plus capital and surplus as required by law. The trial court also found that AFSLIC's reliance on a Lloyd's Reinsurance Treaty and its use of an accounting methodology to calculate reinsurance reserve credits based upon the treaty made the operation of its business hazardous. The trial court's judgment was affirmed by this court in *Angoff v. American Fin. Sec. Life Ins. Co.*, 869 S.W.2d 90 (Mo.App.1993).

On August 17, 1993, the directors of AFSLIC filed a motion to terminate the rehabilitation pursuant to § 375.1174(3), RSMo Supp.1993. The trial court entered summary judgment against the directors. The directors filed a second motion to terminate the rehabilitation on December 21, 1993. They alleged that grounds for rehabilitation no longer existed. They further alleged that the company was presently solvent in that its assets exceeded its liabilities. In determining that AFSLIC was solvent, the directors relied on $8,700,058 in total reinsurance reserve credits for three separate Lloyd's reinsurance treaties. The Director's response asserted that AFSLIC remained in hazardous condition and remained insolvent. He stated that the Lloyd's treaty upon which AFSLIC relied at the rehabilitation trial had been found to be hazardous by the court and that the directors continued to rely on reserve credits from this hazardous treaty to attempt to argue that AFSLIC was solvent. He also pointed out that the directors relied on reserve credits from two other Lloyd's treaties, which contained the same terms as the original Lloyd's treaty. The Director concluded that without the reserve credits for the Lloyd's treaties, AFSLIC was insolvent by millions of dollars.

The motion to terminate was heard on February 16, 1994. In opening statements by AFSLIC, the directors stipulated to certain facts which the trial court found were dispositive of the case. The trial court denied the motion to terminate rehabilitation after opening statements on February 16, 1994. AFSLIC appeals.

### Due Process

AFSLIC first contends that the trial court erred in denying the directors' motion to

terminate because the ruling deprived them of their due process rights to a fair and impartial hearing. The trial court entered its ruling after opening statements without hearing AFSLIC's evidence. The trial court's action, AFSLIC contends, precluded the directors from presenting evidence which would have established that the rehabilitation should be terminated. The directors claim that they could have proved that: 1) the Missouri Department of Insurance ("MDI") abused its discretion in denying AFSLIC the rights to take reinsurance credits from the various Lloyd's treaties; 2) the acts of MDI since the seizure of AFSLIC continued to estop MDI from denying the directors the right to use the Lloyd's reinsurance credits; 3) the estoppel which the trial court, and this court on appeal, initially found, continued, and 4) irrespective of the statutory balance sheet of AFSLIC, the further transaction of business would not be hazardous financially to its policyholders, creditors or the public, since AFSLIC was no longer writing business and had more than sufficient assets to meet all of its present and future obligations.

Section 375.1174.3, which allows the directors of an insurance company to petition the court for an order terminating rehabilitation, provides:

> The rehabilitator may at any time petition the court for an order terminating rehabilitation of an insurer. The court shall also permit the directors of the insurer to petition the court for an order terminating rehabilitation of the insurer.... *If the court finds that grounds for rehabilitation under section 375.1165 no longer exist,* it shall order that the insurer be restored to possession of its property and the control of the business. The court may also make that finding and issue that order at any time upon its own motion.

(Emphasis added). By failing to hear evidence on the motion, the directors claim that AFSLIC was deprived its statutory right to petition the court for an order of termination. AFSLIC claims that the trial court ruled against the directors simply because MDI subsequently reversed its previous approval of the Lloyd's treaty, notwithstanding the original trial court order which AFSLIC claims upheld the calculations of the methodology and ordered MDI estopped from changing it.

■■■ A directed verdict after plaintiff's opening statement is appropriate only where it "affirmatively appears" the plaintiff cannot recover as a matter of law. *Hoefer v. Roche Biomedical Laboratories, Inc.,* 826 S.W.2d 49, 50 (Mo.App.1992). A directed verdict motion should only be granted following opening statements: 1) if plaintiff by admission affirmatively demonstrates, as a matter of law, the plaintiff has no cause of action or is not entitled to recover on his cause of action; or 2) if the facts recited do not, as a matter of law, constitute enough to make a submissible case. *Id.*

■■ AFSLIC was given the opportunity to conduct a hearing on the motion to terminate on February 16, 1994. During opening statements the directors stipulated to the following: 1) that they continued to rely on a Lloyd's reinsurance treaty and a methodology previously used to calculate reinsurance reserve credits (which factors had previously been found by the trial court to be hazardous); 2) that the terms of the two new Lloyd's treaties were the same as the Lloyd's treaty which the trial court had found to be hazardous; and 3) that AFSLIC remained insolvent without reserve credits for at least one of these Lloyd's treaties calculated using the hazardous methodology. The trial court had previously found that reliance on the Lloyd's treaty and the accounting methodology makes business hazardous, "as the company's solvency is directly related to the accounting methodology and reserve credits permitted not only by Plaintiff but by insurance regulators of states in which Defendant is licensed." Under § 375.1174.3, AFSLIC was required to show that grounds for rehabilitation no longer existed in order to seek termination of rehabilitation. Section 375.1165 provides the grounds for an order of rehabilitation, including that "[t]he insurer is in such condition that the further transaction of business would be hazardous financially to its policyholders, creditors or the public." After the directors made the admissions in opening statement, the trial court found that grounds for rehabilitation still existed and

that AFSLIC was not entitled to the relief sought in its motion. Therefore, the trial court did not err in directing a verdict for MDI. Point I is denied.

### Law of the Case

Next, AFSLIC asserts that the trial court erred in denying the motion to terminate because the trial court's ruling is inconsistent with its previous order of rehabilitation entered March 30, 1993 and violates principles of the law of the case. In that March 30, 1993 order, the trial court made many findings of fact and conclusions of law. AFSLIC recites three of these findings: 1) that the court found the accounting methodology for the Lloyd's treaty was appropriate; 2) that the court found the Lloyd's treaty adequately protected the company and the policyholders; and 3) that the court found the Lloyd's treaty was more appropriate than the conventional treaties for AFSLIC's business. AFSLIC claims that in February, 1994, the trial court reversed its position and ruled that the company could not take any credits for the treaty because MDI disapproved it. This ruling, AFSLIC contends, is contrary to the trial court's previous orders which are the law of the case.

Contrary to AFSLIC's contention, we conclude that the "law of the case" doctrine does not apply in this case. The trial court specifically found the use of the Lloyd's treaty and methodology to calculate reserve credits was a hazardous condition, which is one of the grounds triggering the necessity for rehabilitation. The trial court stated:

> Regardless of this Special Master's findings, for AFSLIC to rely on the Lloyd's Treaty and the accounting methodology, considering the diverse views of actuarial experts and state regulators, it would and does make business hazardous as the company's solvency is directly related to the accounting methodology and reserve credits permitted not only by plaintiff but by regulators of states in which defendant is licensed.

This court affirmed the trial court's judgment concluding that the trial court properly found that AFSLIC was operating in a hazardous condition. This court stated:

The Director sought rehabilitation for AFSLIC for operating with excessive premiums to assets, overstating its reserve credits, and for failing to maintain the required amount of capital and surplus. The trial court found all these things to be true to some extent and additionally found the accounting methodology that AFSLIC used evidenced hazardous operating conditions. As stated above, the Director had discretion as to what remedial action to take and under the evidence he properly exercised his discretion.

This court held that: 1) substantial evidence supported the trial court's finding that insurer should have been placed into rehabilitation because it had no reinsurance for three-month period; 2) evidence supported trial court's finding that insurer was entitled to only six months worth of reinsurance credit on financial statement at issue; 3) Missouri Department of Insurance would not be equitably estopped from allowing reinsurance credits for only six months; and 4) insurer was not entitled to award of attorney fees on appeal.

■ The "law of the case" is a rule which applies only when a *reviewing court* has already decided an issue in a case. It does not apply to previous rulings by the same court. *See Bandy v. State*, 847 S.W.2d 93, 94 (Mo.App.1992). "The doctrine of law of the case governs successive appeals involving substantially the same issues and facts. Under the doctrine, the appellate decision becomes the law of the case in subsequent proceedings of the same cause. Its operation normally precludes re-examination of issues decided in the original appeal." *Id.* (citations omitted). None of the issues raised on this appeal were addressed previously by this court. AFSLIC is essentially arguing that the trial court's ruling in the motion to terminate violated *its* previous ruling in the order of rehabilitation. This is not a proper application of the "law of the case" doctrine. Point II is denied.

### Solvency Requirement

■ Finally, AFSLIC asserts that the trial court erred in entering its order denying the motion to terminate rehabilitation be-

 

cause the court erroneously interpreted and applied the Missouri Insurance Code, specifically §§ 375.1174.3 and 375.1165, when the trial court required AFSLIC to be statutorily solvent before the rehabilitation could be terminated. AFSLIC argues that even if we assume that AFSLIC is not able to use the reinsurance credits from Lloyd's and is statutorily insolvent, the trial court's decision in denying the motion to terminate was improper because the Missouri statutes regarding rehabilitation do not address statutory solvency but rather whether the continued operation of the business would be hazardous financially to the insurer, policyholders, creditors or the public. The directors claim that they were prepared to prove to the trial court that: 1) AFSLIC had more than sufficient assets to pay all claims, refunds, claims adjustment expenses, administration expenses and all of its other present and future debts; 2) AFSLIC would agree that until the company was statutorily solvent to the satisfaction of the court or MDI that AFSLIC would not write any new business; and 3) the further operation of AFSLIC's business in this manner (commonly known in the insurance industry as "run off") would not be hazardous financially to its policyholders, creditors or the public.

The essence of AFSLIC's assertions is that whether the company is solvent or insolvent is irrelevant. AFSLIC claims that it is no longer in a hazardous condition because it is no longer writing new business and it is in a position to pay all current and future claims. Section 375.1165(1) provides that rehabilitation is appropriate if: "The insurer is in such condition that the further transaction of business would be hazardous financially to its policyholders, creditors or the public." AFSLIC seems to have misinterpreted this paragraph of the statute. The statute does not make inquiry into whether the insurance company is conducting new business. The statute says that if the company is in such condition that the further transaction of business *would be* hazardous to others, then rehabilitation is an appropriate remedy. We have already concluded that AFSLIC remains in a hazardous condition. Thus, the further transaction of business by AFSLIC would be hazardous financially to policyhold-

ers, creditors or the public. Accordingly, grounds for rehabilitation still exist. The trial court did not err in denying the motion to terminate rehabilitation. Point III is denied.

The judgment is affirmed.