**Thomas C. ROWE, Appellant,**

v.

**Troy Lee GONGWER, Respondent.**

**No. ED 77459.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 7, 2000.

---

1. All statutory citations are to RSMo 1994, unless otherwise indicated.

William K. Meehan, St. Louis, for appellant.

Stephanie K. Morrison, St. Louis, for respondent.

Before: GARY M. GAERTNER, P.J., CRAHAN, J., and DRAPER III, J.

DRAPER, Judge.

Thomas C. Rowe (hereinafter, "Rowe") appeals the judgment of the trial court granting summary judgment in favor of Troy Gongwer (hereinafter, "Gongwer"), arising out of an incident which occurred on June 13, 1998, when Gongwer's dog (hereinafter, "Guiness") bit him. We affirm.

Rowe and Gongwer were neighbors. They both owned dogs who occasionally fought over a two year period.[1] There was no evidence that Guiness ever attacked or threatened a person. On June 13, 1998, Guiness escaped from his home, ran up the street and began fighting with Rowe's dog (hereinafter, "Gus"). Rowe attempted to break up the fight, and Guiness bit him.

Rowe filed the instant action against Gongwer seeking to recover for the injuries he sustained from Guiness. However, the trial court granted summary judgment in favor of Gongwer. Rowe appeals claiming that the trial court erred in granting summary judgment because Gongwer knew of the dog's dangerous and vicious propensities in that Guiness bit another dog before Rowe sustained his injuries.

In review of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is intended to move the parties beyond the petition allegations and determine if a material fact for trial exists. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993). Appellate review of the grant of summary judgment is purely a question of law and, hence, uses the same criteria as imposed by the trial court in its initial determination of the propriety of the motion. *ITT Commercial Finance*, 854 S.W.2d at 376.

Summary judgment will be granted as a matter of law to the moving party when

---

1. There was testimony that the dogs fought between five to seven times over the two year period, but neither owner was certain of the exact number of fights.

there is no genuine issue as to any material fact. Rule 74.04(c)(3). The moving party bears the burden of establishing a right to judgment as a matter of law. Following the moving party's prima facie showing for its summary judgment motion, summary judgment will be granted if the responding party fails to reply with specific facts showing a genuine issue of material fact exists for trial or with a demonstration that judgment as a matter of law is incorrect. Rule 74.04(e).

■ Gongwer moved for summary judgment asserting, as a matter of law, Rowe cannot show that Guiness exhibited any dangerous and/or vicious propensities prior to the incident in which Rowe was bitten. Under Missouri law, a dog owner is liable for injuries the dog inflicts only if the owner harbors the dog with actual or constructive knowledge that the dog has vicious or dangerous propensities. *Crimmins v. Mirly,* 675 S.W.2d 663, 664 (Mo. App. E.D.1984). In order to establish a submissible case, Rowe must show that: (1) the dog has vicious or dangerous propensities, and (2) Gongwer had knowledge of such propensities. *Id.* Rowe believes he met this standard in that Guiness fought with Gus and one other dog, and Rowe complained to Gongwer after Guiness injured Gus while fighting.

Rowe claims the trial court failed to consider two cases which are factually analogous to the instant case. The first case is *Boosman v. Moudy,* 488 S.W.2d 917 (Mo.App.K.C.Dist.1972) where plaintiffs recovered subsequent to the first bite by defendants' dog. In that case, the plaintiffs submitted sufficient evidence to show that the defendants knew of the dog's dangerous propensities in that the dog acquired the persistent menacing habit of growling, bristling, and snapping at people and the defendants were aware of the ill-natured changes in the dog toward the family and other people. *Id.* at 921. Similarly, Rowe claims his complaints to Gongwer regarding Guiness's behavior toward Gus gave Gongwer the requisite knowl-

edge that Guiness had dangerous propensities. Yet, Rowe failed to notice, the court in *Boosman* stated that an owner knowing of a dog's dangerous propensity is liable when the dog displays these tendencies in injuring *persons.* *Id.*

The second case Rowe relies on is *Dansker v. Gelb,* 352 S.W.2d 12 (Mo.1961). In *Dansker,* the plaintiff recovered following her visit to defendant's home when the family dog lunged at plaintiff, causing her to fall down a flight of stairs. *Id.* at 14. The dog owner's testimony showed knowledge of the dog's viciousness toward other *persons.* *Id.* at 16. The court held that propensities to jump and lunge at people show a tendency that the dog's actions potentially were injurious to people. *Id.* at 17. Rowe misplaces his reliance; the *Dansker* dog owner had knowledge of the dog's viciousness toward people, and was liable for the plaintiff's injuries.

■ In the instant case, there was no evidence presented that Guiness had any propensity to harm another person. Rowe claims that a genuine issue of material fact in controversy is whether or not Gongwer had knowledge of Guiness's viciousness toward his dog. The case law is clear that an owner must know of an animal's propensity to act viciously against *people.* *Jones v. Keller,* 850 S.W.2d 383, 384 (Mo. App. E.D.1993). *See Crimmins,* 675 S.W.2d at 664–65; *Frazier v. Stone,* 515 S.W.2d 766, 769 (Mo.App.Spring.Dist. 1974). Rowe failed to present a genuine issue of material fact to defeat the motion for summary judgment.

The judgment of the trial court is affirmed.

GARY M. GAERTNER, Sr., P.J., and L. CRAHAN, J., concur.